## J. C. League v. State of Texas.

### No. 906. Decided May 21, 1900.

**1. Tax Sale—Redemption—Interest—Constitutional Law.**

The provision of the Act of 1897, chapter 103, requiring payment of interest upon taxes on land sold to the State, as a condition of redemption therefrom, was not unconstitutional as a retroactive law (Constitution, article 1, section 16), though no law in force at the time the taxes were levied required the payment of such interest. (P. 558.)

**2. Same—Waiver of Title—Foreclosure.**

Where the State had acquired title by bidding in the land at tax sale, it had the power to waive this right, and, in order to perfect its claim, foreclose its lien on the land as against the person then claiming it; and, in doing so, it had the authority to prescribe such terms for redemption as it deemed proper and just. (P. 558.)

**3. Same.**

A subsequent purchaser of the land, who in answer to the suit of the State to foreclose its lien for taxes assessed against a previous owner, sets up a purchase by the State at a sale for such taxes as binding on plaintiff, shows no title to himself to be affected by the proceeding save such as depended solely upon the grace of the State. (P. 558.)

**4. Same—Rulings Affirmed.**

The rulings of the Court of Civil Appeals in this case affirmed. (P. 558.)

**5. Same—Pleading—General Denial—Sworn Answer.**

The pleadings in a proceeding to foreclose the State's lien for taxes under Laws of 1897, chapter 103, being required to be sworn to, a general denial of the plaintiff's petition is no answer, and, when followed by a sworn plea showing the State bound by its purchase at a tax sale, will not put in issue the title so acquired by the State. (Pp. 558, 559.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from San Augustine County.

The suit was brought by the State. League appealed from a judgment for plaintiff, and on its affirmance obtained writ of error.

*Robert M. Franklin,* for plaintiff in error.—The trial court erred in holding that the act (chapter 103, General Laws 1897) does not require this suit for taxes to be brought against the delinquent against whom the taxes were assessed, and the Court of Appeals erred in affirming this judgment and refusing to remand the case so that necessary parties could be made. Gen. Laws 25th Leg., chap. 103, secs. 9, 10, 15; State v. Mantooth, 49 S. W. Rep., 683; Clegg v. State, 42 Texas, 605.

The Court of Civil Appeals has fallen into error in holding that the act (chapter 103, General Laws 1897) under which this suit is brought does not authorize a personal judgment against the owner for the taxes due upon the land, and in reforming the judgment of the trial court, in pursuance of such ruling, and rendering judgment in rem, and refusing to remand the case so that the delinquent owner could be brought into court and judgment for the taxes rendered against such delinquent. (1) Said act requires suit to be brought against the delinquent taxpayer as contended under the preceding ground of error, and requires a personal judgment against such delinquent. (2) Under the Constitution and laws of this State, the title passed at a tax sale must be deraigned through the person against whom the taxes have been assessed, and a condemnation and sale of land, for taxes due thereon, in a proceeding strictly in rem and without establishing the assessment against the delinquent owner charged on the assessment roll, would deprive the owner of his property without due process of law, and this Act of 1897 would be void if it directed a proceeding in rem. Constitution, 1876, secs. 1. 11, and 15, art. 8; Revised Statutes—all provisions regulating assessment of taxes on land, notice to owners to assess, and notice to pay the taxes when due, etc.; Cooley on Tax., 527; Blackwell on Tax Titles, 3 ed., 547; Yenda v. Wheeler, 9 Texas, 408; Clegg v. State, 42 Texas, 605; Meredith v. Coker, 65 Texas, 31; and all other cases in which tax titles have been asserted or discussed in the courts of this State.

The trial court erred in holding that the following enumerated provisions of chapter 103, General Laws 1897, are not, when applied to taxes due prior to 1897, retroactive and void, to wit:  (a) The provisions of section 6 of this act, in so far as it authorizes the entry of judgment for 6 per cent per annum interest on taxes claimed in this case, which taxes,

as shown by the records, were assessed and due and delinquent before said law was enacted, and at a period when the laws of this State provided for an annual seizure and sale of land for taxes, and did not authorize any exaction of interest.    (b) The provisions of said act, chapter 103, General Laws 1897, which impose on the delinquent taxpayer, and on his land, fees and charges not authorized by law at the time of the levy and assessment of taxes, as follows:    Attorney's fees, $3 on first tract and $1 for each additional tract in same suit; collector's fees, $1 for each correct assessment of the land to be sold; county clerk's fees, $1 on each delinquent assessment recorded and certified; district clerk's fees, $1.50; sheriff's fees, $1 for selling and making deed to each purchaser; publisher's fees, 25 cents for each tract advertised as delinquent.    And the appellate court erred in affirming the judgment of the trial court for the interest and several sums taxed, as county clerk's, printer's, and collector's fees, under the above provisions.

The trial court erred in holding that the enforcement of the collection of the several sums as specified above, and imposed by chapter 103, General Laws Twenty-fifth Legislature, retroactively and after the taxes were due, against the taxpayer or against the land, under the nomenclature of interest, attorney's fees, county clerk's fees, district clerk's fees, and publisher's fees, is not a taking of appellant's property without the due process of law, and the appellate court has erred in affirming the judgment of the trial court allowing interest, attorney's fees, collector's fees, county clerk's fees, and publisher's fees in a suit for taxes which were due before said act authorizing these charges was adopted.    Second and third clauses sec. 1, 14th Amendment Const. U. S.; secs. 16, 19, Bill of Rights, Const. of Texas; sec. 6, chap. 103. Gen. Laws 25th Leg.; that interest is not an incident of a tax, and not authorized without statutory authority, see 53 Texas, 157; 55 Texas, 317; 58 Texas, 622; 1 Texas Civ. App., 411.    As to constitutional law, due process, etc.:    Cooley's Const. Lim., 369, 353 (star paging); Ryan v. State, 5 Neb., 276; Camp v. Rogers, 44 Conn., 291; State v. Mayor, etc., 8 Vroom, 39; Railway v. Ellis, 165 U. S., 150.

The rights of the State and of the owner of land sold for taxes are fixed in this State by the act of sale by the collector, which merges the legal lien with the interest passed by the sale.    This proposition is true whether the sale is to a private individual or to the State; and any right the State may have after such sale is a legal right to the property if the sale is valid or an equitable lien growing out of the failure to collect the tax where the sale is invalid, and while the State might, by appropriate Legislation, vest this equitable lien in a purchaser at a tax sale, or might pursue its equitable lien in the courts: it can not resort to a second legal proceeding after the status of the parties has been fixed by a sale, without violating the constitutional guarantee of due process. Bill of Rights; chap. 103, Gen. Laws, 1897, generally, and particularly secs. 2 and 6 thereof.    As to constitutionality of a sale by tax collector, see McFadden v. Longham, 58 Texas, 579.

The court erred in affirming the judgment of the trial court, and holding thereby that the Constitution of this State does not, by necessary implication drawn from its provisions for the collection of taxes and for sales of property for taxes, preclude legislation providing for special judicial sale to enforce collection of delinquent taxes.

The appellate court erred in affirming the judgment of the lower court, and in establishing a general lien upon all the surveys involved, for collector's, printer's, county clerk's fees, and all costs of this suit in the court below, and in directing the lands to be sold first as separate tracts for the taxes and interest claimed by the State, and directing the lands to be sold a second time, under the same order of sale, to enforce the collection of said printer's, collector's, and county clerk's fees, and costs of court.

Sections 11, 13, 15 and 16 of article 8 of the Constitution of the State of Texas provide for the enforcement of the collection of delinquent taxes by an annual and summary levy by the collector of taxes, and the designation of this mode of collection operates as an exclusion of all other modes, and this suit or special proceeding for condemnation and sale under a decree of the court is without authority of law.   Section 1, article 2, of the Constitution of Texas divides the powers of the government into three separate departments, viz., a legislative, an executive, and a judicial department; and said section prohibiting each department from exercising the powers attached to the other departments, and the collection of taxes being a function of the executive branch of the government, the act of the Legislature by virtue of which this suit is brought (chapter 103, General Laws Twenty-fifth Legislature) is unconstitutional and void in so far as it vests in the court power to collect delinquent taxes, and plaintiff's suit is therefore without authority of law. Secs. 11, 13, 15, 16, art. 8, Const. 1876; sec. 1, art. 2, Const. 1876; secs. 20, 21, 23, art. 12, Const. 1869; Laws of Texas regulating sales of land for taxes from 1876 to 1895; McFadden v. Longham, 58 Texas, 579; Lockhart v. Houston, 45 Texas, 317; Turnpike Com'rs v. Railway, 1 S. W. Rep., 671; Louisville Water Co. v. Commonwealth, 6 Law. Rep. Ann., 69; Grant v. Grant, 12 S. C., 29.

*T. S. Smith,* Attorney-General, and *D. E. Simmons,* Assistant, for defendant in error.—The delinquent tax act (chapter 103, General Laws 1897) provides a suit in rem or a proceeding quasi in rem, and does not seek a judgment in personam, and therefore does not require persons against whom the taxes were assessed, not now the owners thereof, to be made parties defendant in such suit.   Gen. Laws 25th Leg., chap. 103, secs. 1, 2, 6, 7; State v. Mantooth, 49 S. W. Rep., 683; 2 Willson, C. C., secs. 173, 740; 28 Texas, 328; 45 Texas, 8; 73 Texas, 431, 343; 87 Texas, 109; 92 Texas, 319; 4 Neb., 537; 48 S. W. Rep., 789; 21 Ohio St., 210; 19 Wall., 227; 26 S. W. Rep., 619.

The Legislature has the necessary power to provide whatever procedure seems best adapted for collecting taxes and for foreclosing a lien which

is given by the Constitution and the law.     Standifer v. Wilson, 54 S. W.
Rep., 899; 4 Neb., 537; 48 S. W. Rep., 789; 21 Ohio St., 210; 15
Wall., 300, 319; 19 Wall., 227; 65 Texas, 619; 73 Texas, 343; 26 S. W.
Rep., 619; 92 Texas, 319; Clarke v. Strickland, 2 Curt., 493; Hodgdon
v. Burleigh, 4 Fed. Rep., 111; Masterson v. State, 42 S. W. Rep., 1003;
Conklin v. City of El Paso, 44 S. W. Rep., 883; Traylor v. State, 46 S.
W. Rep., 81; Fristoe v. Blum, 92 Texas, 80.

BROWN, ASSOCIATE JUSTICE.—Under the provisions of chapter 103
of the general laws of 1897, page 132, this suit was instituted in the
District Court of San Augustine County to foreclose the State's lien for
the taxes of the years 1884 to 1896, inclusive, upon fourteen tracts of
land lying in the said county, patented in the name of the Southern
Pacific Railroad Company.    It was alleged that the plaintiff in error
was the owner of the said land, that it had been regularly assessed for
taxes in the names of different parties for each year, and, after January
1, 1885, each tract had been sold for the taxes of 1884, at which sale
the State bid it in according to law.    The petition alleged that the
County Commissioners Court of San Augustine County had caused the
tax collector of the said county to prepare a list of "all lands, lots, or
parts of lots sold to the State of Texas for taxes since the first day of
January, 1885, which had not been redeemed according to law," and also
alleged that the county commissioners had examined and approved said
list and caused the same to be published, as prescribed by said act.    The
petition was sworn to as required by the statute.

The defendant answered by a general demurrer and special exceptions
and by special answer, which contained the following allegations:    "And
for answer in this behalf, defendant denies all and singular the allega-
tions of plaintiff's petition, and further answering, defendant shows that
he purchased the lands described in plaintiff's petition and exhibits
about the year 1889; that said lands have been sold by the collector of
taxes of San Augustine County for 1884 taxes and for the taxes of subse-
quent years, and they have, in every instance, been bid in by the collector
of taxes for the State of Texas, in obedience to the laws of the said State."
The answer of the defendant was sworn to.

The evidence showed that the lands had been assessed for taxes in each
year, as alleged, and that each survey had been sold for taxes of 1884 and
bid in by the State; that the lands were not assessed as the property of
the defendant for any year named, but were assessed in different names
as owners, and for some years as the property of unknown owners.    The
proof showed that the Commissioners Court of San Augustine County
had complied with the law in making the list and in causing the same
to be recorded and published and that the land had never been redeemed
from the State.

The case was tried before the court without a jury and judgment was
rendered in favor of the State against the defendant, League, foreclosing
the State's lien upon the land described in the petition for the amount

of the taxes due to the State, with the interest at 6 per cent per annum and penalties as prescribed by the statute, with the cost provided by chapter 103, and the cost of court, and directing the sale of the land. It was also ordered that the purchaser be placed in possession within thirty days as in the case of ordinary foreclosures. The judgment was, by the Court of Civil Appeals, reformed so as to eliminate the 10 per cent damages and that clause which awarded possession within thirty days, giving right of redemption within two years. As reformed, the judgment of the District Court was affirmed.

The writ of error was granted because we were of opinion that the imposition of interest upon the taxes, after they had accrued, was violative of section 16, article 1, of the Constitution, there being no law in force at the time the taxes were levied and assessed which authorized the collection of interest thereon. But, upon more careful examination of the case, we are satisfied that the judgment of the Court of Civil Appeals is correct and must be affirmed.

We deem it unnecessary to enter into a discussion of the various grounds presented in the application for the writ of error; they are well disposed of by the opinion of Chief Justice Garrett. However, upon the point on which the writ was granted, we will say that the answer of the defendant sets up the sale of the lands for taxes and the purchase of them by the State, insisting that the State is bound by its purchase. No attack is made upon the sale nor upon any of the proceedings leading up to it, and it stands before the court, under the defendant's allegations, as a valid sale by which the title passed to the State. The State having acquired the title, had the power to waive its right, and in order to perfect the claim beyond all dispute, to foreclose its lien on the land as against the then claimant, and in doing so, had the authority to prescribe such terms as it deemed proper and just. The claimant of the lands being a party defendant, could have disclaimed any interest in it and might thus have escaped any cost for proceedings had after such disclaimer. The defendant chose not to pursue this course, and he has no cause of complaint as the case stands before this court, because, by his own showing, he had no title to be affected by it, and depended solely upon the grace of the State for whatever he might get out of the land. This conclusion is based upon the fact that the title in the State is perfect, and it is not intended to express an opinion on the question when the proof does not show this fact.

The defendant claims that his general denial prevents the taking of the answer as true, and that there was no proof showing that the State had title in the land or that the defendant himself was claiming title thereto. The law under which this proceeding is had required the pleadings of both parties to be sworn to. A general denial is not applicable to this case. It is similar to the practice in case of mandamus, where it is held that because a defendant is required to traverse the allegations of the plaintiff or to confess and avoid them, a general denial is no answer and will not prevent judgment being taken upon the petition and

the answer. Sansom v. Mercer, 68 Texas, 488. It was unnecessary for the State to prove the facts alleged and sworn to by the defendant. Ogden & Johnson v. Bosse, 86 Texas, 344.

The judgment of the Court of Civil Appeals is affirmed, with the costs of this court adjudged against the plaintiff in error.

*Affirmed.*