## GEFFERT v. YORKTOWN INDEPENDENT SCHOOL DIST. (No. 753—4710.)

(Commission of Appeals of Texas, Section B. Feb. 9, 1927.)

**1. Schools and school districts ⬅45—School districts have only such powers as are expressly given or necessarily implied from express powers given.**

School districts are special creatures of statute, and have only such powers as are specially given or are implied as incidental to powers expressly conferred.

**2. Schools and school districts ⬅99—School district can exercise taxing power only in strict conformity with statute authorizing power.**

Power of school district to tax citizen, if granted by statute, must be exercised in strict conformity with statutory directions, and cannot be exercised at all unless granted.

**3. Schools and school districts ⬅103(1)—School district had no jurisdiction to levy tax without showing motion for levy was carried or order for levy made.**

School district's tax levy *held* invalid, where minutes of school district indicated motion had been made by member of board of trustees and seconded for adoption of order levying taxes, but failed to show motion was put to vote or adopted, as existence of order for levy was jurisdictional, and defect could not be cured by subsequent proceedings.

**4. Schools and school districts ⬅103(1)—Tax levy, made by school district without order of trustees, was not rendered valid by signing of motion by majority trustees and proceedings thereunder as if under valid order.**

School district's tax levy, made under motion of member of board of trustees, which minutes showed was seconded but never passed, was not rendered valid by fact that motion was signed by five of six trustees, was in writing, and was carried out by appointment of board of equalization, as existence of order for tax levy was jurisdictional.

**5. Courts ⬅36—In case of limited jurisdiction, jurisdictional facts must be shown to exist before proceedings can be had.**

Where right of tribunal to proceed at all depends on existence of given fact or doing specific act, such fact or act is jurisdictional, and precludes any further proceedings until shown to have existed or to have been performed.

**6. Courts ⬅36—Jurisdiction of tribunals, having limited authority, must be affirmatively shown before proceedings will be presumed regular.**

Proceedings of special tribunals, having limited jurisdiction, are not entitled to presumption of regularity until jurisdiction is affirmatively shown.

**7. Taxation ⬅301(6)—Jurisdiction of taxing body to levy tax depends on record showing presence of quorum and adoption of taxing proposition.**

To show tax levy was within jurisdiction of taxing body, record should show quorum was present and proposition for levying tax adopted.

**8. Taxation ⬅301(6)—Jurisdiction of tribunal to levy tax may not, in absence of record and order, be shown by subsequent acts taken as if order existed.**

In absence of record showing quorum of taxing body was present and order for tax levy was adopted, jurisdictional requirement is not satisfied by showing taxing tribunal took subsequent acts in harmony with existence of order as such construction would raise presumption of authority not actually proved.

**9. Courts ⬅36—Jurisdiction of tribunal, having limited authority, must be proved.**

Jurisdiction of tribunal, having limited authority, cannot be presumed from mere exercise of jurisdiction, but must be proved as any other fact is proved.

**10. Schools and school districts ⬅103(1)—Where it affirmatively appeared that no order for tax levy by school district had been made, levy was not rendered valid by statute making delinquent tax list prima facie evidence of regularity of proceedings (Rev. St. 1925, arts. 7321, 7343).**

In action by school district to recover taxes, tax levy, made on sole basis of motion by board of trustees, not shown to have been passed, *held* invalid, though Rev. St. 1925, art. 7343, provides independent school district may collect delinquent taxes, and article 7321 makes delinquent tax list prima facie evidence that requirements have been complied with; it affirmatively appearing that no order for levy had been made.

**11. Evidence ⬅53—Presumption is never indulged contrary to known fact.**

Presumption is never indulged contrary to known fact, and only supplies an inference where fact is not otherwise shown.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by the Yorktown Independent School District against Fred H. Geffert. Judgment for plaintiff was reformed and affirmed by the Court of Civil Appeals (285 S. W. 345), and defendant brings error. Judgments of the district court and the Court of Civil Appeals reversed, and judgment rendered.

Ward & Ward, of Houston, for plaintiff in error.

Lewright & Lewright, of San Antonio, and Sam Lackey, of Cuero, for defendant in error.

SPEER, J. This writ of error involves the validity of a tax levy for the year 1922 by the Yorktown independent school district.

The Court of Civil Appeals, after reforming the judgment of the district court in another respect, affirmed its judgment sustaining the levy   285 S. W. 345.

The point made by plaintiff in error is there is no order shown levying any tax for the year 1922, without which there could be no cause of action in the district.

[1, 2] It is elementary that corporations such as defendant in error are special creatures of the statute and have such powers only as are specially given or are implied as a necessary incident to those expressly conferred. Such districts have no inherent power to tax the citizen. Such power is conferred by the statute, and, being a special grant of authority, the power must be exercised in strict conformity with the mandatory direction of the Legislature. Nowhere is this principle more rigidly adhered to than in the matter of taxation. Dill v. City of Rising Star (Tex. Com. App.) 269 S. W. 769; Masterson v. Hedley (Tex. Civ. App.) 265 S. W. 406; Vance v. Pleasanton (Tex. Civ. App.) 261 S. W. 457.

[3] It is not denied by any one that a valid levy must be made, but the question here is whether such levy has been shown. There was introduced in evidence from the minutes of defendant in error the following:

"Motion was made by R. J. Roeder, seconded by J. G. Kerlick, that the following order levying taxes be accepted.

" 'Yorktown, Texas, October 6th, 1922.

" 'Order Levying Taxes.

" 'Be it ordered by the board of trustees of the Yorktown independent school district, at a regular meeting held on this the 6th day of October, A. D. 1922, in the city of Yorktown, in said district, that there is hereby levied for the year 1922, on all property situated and all property owned within the limits of the Yorktown independent school district, on the 1st day of January of the current year, except so much thereof as may be exempt by the Constitution and laws of this state or the United States, the following taxes:

" 'First. An ad valorem tax of and at the rate of 60 cents on the $100 cash value thereof, estimated in lawful currency of the United States, for the support and maintenance of the public free schools in said Yorktown independent school district.

" 'Second. An ad valorem tax of and at the rate of 13 cents on the $100 cash value thereof, estimated in lawful currency of the United States, to pay current interest on and provide one year's sinking fund for the outstanding bonds of said district, dated 8th day of April, A. D. 1910, and August 1, 1916. E. Viereck, Pres. Board of Trust. Y. I. S. D. G. M. Hinsey, Sec. Y. I. S. D. N. M. Davis, Trustee, R. J. Roeder, Trustee, L. H. Gips, Trustee, J. G. Kerlick, Trustee.' "

The testimony of the secretary of the district shows conclusively that there were no other orders passed by the school board covering the levy than the one quoted.

The Court of Civil Appeals held the levy to be good upon the following reasoning:

"We are of opinion, however, that the order purporting to order the levy of taxes for the year 1922 was in manner and form substantially as required by law. We are also of opinion that the fact that it was shown that, at the meeting of the board of trustees of the school district when the order was placed of record, there were present and participating five of the six trustees, including the president of the board and the secretary thereof, and that said order was signed by the president as such, by the other four trustees, and by the secretary as such, shows that such order was in writing before it was spread upon the minutes, and that the facts mentioned, taken in connection with the further facts that, at the same meeting at which this order was entered upon the minutes, the board of trustees appointed a board of equalization to equalize the taxes to be assessed under the purported order, and that thereafter the board acted thereunder in assessing and collecting taxes, furnishes sufficient circumstances to support a finding that the board of trustees adopted said order."

If the making of this order was a matter subject to proof by circumstances such as recited by the Court of Civil Appeals, then we would be in the realm of fact, without any jurisdiction to revise that court's holding; but such is not the case.

It is very clear that the instrument shown in the minutes does not purport to be an order levying taxes at all. It is nothing more than a motion made and seconded by members of the board that such an order be accepted; the word "accepted" we will assume being tantamount to "adopted." It is not shown that the motion was put to the board for a vote, much less that it was adopted. The fact that the instrument as offered bore the signatures of the members of the board does show that the same was in writing before it was spread upon the minutes, but this does not in any wise determine, or tend to show, that the motion was carried, and the order contained therein was made.

[4] We are further of the opinion that the other facts mentioned by the Court of Civil Appeals as circumstances sufficient to support a finding that the order had passed have no probative force whatever, and cannot be considered as any evidence tending to such end.

[5, 6] In a case like this of limited jurisdiction, where the right of the tribunal to proceed at all depends upon the existence of a given fact or the doing of a specific act, such fact or act is jurisdictional and precludes any further proceeding until it is shown to exist or to have been performed, as the case may be. The proceedings of such special tribunals, like inferior courts not of general jurisdiction, are not entitled to the presumptions of regularity usually attaching to official acts, until their jurisdiction—their right

to act at all—is first affirmatively shown. No authorities need be cited to a proposition so elementary. Such proceedings are not official acts until the precedent power to perform them has been shown to exist. In logic no more than in physics can a man lift himself by his boot straps.

[7-9] As applied to the taxing power, the rule is as stated in Cooley on Taxation, p. 2062, § 1018: "The record should show a quorum present and the proposition adopted." It will not do to say that this precedent fact necessary to give jurisdiction may be shown by the subsequent acts of the tribunal in harmony with its existence, since this would be to attach to such subsequent proceedings the quality of official acts and the consequent force of evidence by way of raising a presumption of authority or power. Such authority—in other words, jurisdiction —cannot be presumed from anything. It must be proved as any other fact is proved. While it is not necessary for us to hold that the only method of proof is the production of the original record—the minutes in this case—yet such fact must be proved in some way recognized by the law of evidence. It may be that, if the original record were lost, secondary evidence of its contents could be shown; or it may be that the actual passage of the order is the fact to be proved rather than the contents of the minutes, or that an order otherwise shown by the evidence to have been passed would be sufficient. However these matters may be, the fact remains there must be proof that the levy was made. It cannot be shown by subsequent proceedings of the board as though the order had been made. Such proceedings prove nothing of the power. Otherwise the assumption and exercise of jurisdiction would prove its existence.

In Earle v. Henrietta, 91 Tex. 301, 43 S. W. 17, we find this:

"But, as before shown, the city council is authorized to levy taxes within a given limit. In order to give effect to the law, the council must act, and determine the rate to be collected, and must express that determination in the form and manner prescribed by the statutes. In every instance in which it becomes necessary to judicially determine the question of the levy of taxes by the city council, the proof must be made by the ordinance by which the levy was made, and the production of tax rolls could not establish the fact of the levy. Greer v. Howell, 64 Tex. 688; Clayton v. Rehm, 67 Tex. 52, 2 S. W. 45; Dawson v. Ward, 71 Tex. 72, 9 S. W. 106. To hold otherwise would be to give greater force to tax rolls than to executions issued by the officers of courts, the recitals in which are not evidence of the judgment."

The general rule is thus stated in Corpus Juris (15 C. J. p. 832, § 1150):

"The mere exercise of jurisdiction by courts of inferior, limited, or specific jurisdiction does not raise a presumption of the existence of the requisite jurisdictional facts, for nothing is presumed to be within the jurisdiction of such courts; but one who relies upon a decision or order of such a court, or who claims any right or benefit under its proceedings, must affirmatively show its jurisdiction in the premises by alleging and proving the same."

The text is abundantly supported by decisions in practically every state in the Union; and, unless there is a statute of evidence which will control, and we will notice that matter later, the rule here announced must control.

[10] Article 7343 (7699) of the Revised Civil Statutes of 1925 provides:

"In any incorporated city or town in which any tracts, lots, outlots or blocks of land, situated within the corporate limits of said city or town have been returned delinquent, or reported sold to said city or town for the taxes due thereon, the governing body may prepare or cause to be prepared lists of delinquents in the same manner as provided in this chapter, and such lists shall be certified to as correct by the mayor of said city or town. * * * Independent school districts may collect their delinquent taxes as above provided for cities and towns, the school board performing the duties above described for the governing body of cities, and the president of the school board performing the duties above described for the mayor or other presiding officer. * * * All laws of this state for the purpose of collecting delinquent state and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

Article 7321 (7685), applicable to state and county taxes, dealing with such delinquent lists, provides:

"The list for each county, when certified to by the county judge, and the assessment rolls and books on file in the tax collector's office, shall be prima facie evidence that all the requirements of the law have been complied with by the officers charged with any duty thereunder, as to the regularity of listing, assessing, levying of all taxes therein mentioned, and reporting as delinquent or sold to the state any real estate whatsoever, and that the amount alleged against said real estate is a true and correct charge."

[11] We do not think the instruments offered in evidence by the district are shown to be the delinquent list contemplated by the statute, but, assuming that such lists, assessment rolls, and books were in evidence, their force as prima facie evidence, and this is the utmost force the statute gives them, is completely destroyed, for the fact itself, which they would otherwise prima facie establish, is affirmatively shown not to exist. In other words, the board has not relied upon any prima facie proof that the order making the levy was passed, but the actual proceedings

have been shown by the minutes, and the testimony of the secretary negatives the possibility of any other order having been passed. So that there is no evidence whatever of the indispensable fact of a levy. A presumption is never indulged contrary to the known fact. It only supplies an inference where the fact is not otherwise shown.

For these reasons, we think the proceedings against plaintiff in error are without authority, that the judgments of both courts should be reversed, and judgment here rendered for plaintiff in error, and we accordingly so recommend.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and judgment rendered for the plaintiff in error.