**AFFLERBACH et al. v. YORKTOWN INDE-
PENDENT SCHOOL DIST. et al.\***
(No. 8753.)

Court of Civil Appeals of Texas.    Galveston.
Oct. 4, 1927.

Appellants' Rehearing Denied Oct. 27, 1927.

Appellees' Rehearing Denied Jan. 5, 1928.

**1. Schools and school districts ☞102—Land
included within school district after January
1, was not subject to school taxes for that
year.**

Land included within school district after
the 1st of January was not subject to school
district taxes for that year.

**2. Schools and school districts ☞103(1)—
School tax levy held invalid without showing
motion for levy was carried.**

School district tax levy *held* invalid, where
minutes of district indicated motion for adop-
tion of order levying taxes had been made by
member of board of trustees and seconded, but
failed to show motion was put to vote or adopt-
ed.

**3. Schools and school districts ☞103(1)—
School tax levy held valid, where motion for
order levying taxes was carried (Sp. Acts 37th
Leg. [1921] c. 45).**

School district tax, levied under Sp. Acts
37th Leg. (1921) c. 45, *held* valid, where min-
utes of school district board of trustees showed
that motion to adopt the order levying taxes
was made, seconded, and carried.

**4. Schools and school districts ☞22—Statute
creating school district and authorizing it to
levy taxes held constitutional (Sp. Acts 37th
Leg. [1921] c. 45).**

Sp. Acts 37th Leg. (1921) c. 45, creating in-
dependent school district and authorizing it to
levy school taxes under the general laws of the
state, and requiring trustees, as condition pre-
cedent to becoming vested with its property, to
provide according to law for district's assump-
tion of outstanding bonded indebtedness of the
old district, *held* constitutional.

Appeal from District Court, De Witt Coun-
ty; John W. Green, Judge.

Action by one Afflerbach and others
against the Yorktown Independent School
District and others. From a judgment grant-
ing only part of the relief demanded, plain-
tiffs appeal.    Reformed and affirmed.

See, also, 285 S. W. 333; 289 S. W. 1003.

Ward & Ward, of Houston, for appellants.
S. C. Lackey, of Cuero, and Lewright &
Lewright, of San Antonio, for appellees.

GRAVES, J.    Appellants make this state-
ment of the nature and result of the suit:

"This is an action, brought in the district
court of De Witt county by appellants as plain-
tiffs against appellees, the Yorktown independ-
ent school district, its trustees, and tax collec-

tor, as defendants, seeking a permanent injunc-
tion to restrain the defendants from collecting
school district taxes for the years 1921, 1922,
and 1923 from plaintiffs and upon their real
property situated within said school district.
The plaintiffs are resident, voting taxpay-
ers within said school district, and their
lands are situated within territory covered by
an extension of the boundaries of such school
district by special act of the Legislature of 1921,
and without the boundaries before the exten-
sion, and the specific amounts sought to be en-
joined were alleged and proved.

"Upon final hearing the court granted a per-
manent injunction covering a part of the year
1923, represented by an arbitrary raise in val-
uation made by the school board after the board
of equalization had adjourned, and refused
plaintiffs' application for injunction for the
years 1921, 1922, and that part of 1923 not
embraced in the arbitrary increase enjoined.

"Plaintiffs duly excepted to the ruling of the
court, gave notice of appeal, have perfected
their appeal, and are now before this court."

At a former term, the cause was affirmed
upon a refusal of this court to consider ap-
pellants' propositions and assignments (285
S. W. 333), but, upon recommendation of the
Commission of Appeals, the Supreme Court
subsequently reversed that decision and re-
manded the cause here for further considera-
tion (289 S. W. 1003). Accordingly, this court
has now considered the appeal upon the con-
tentions presented.

In most respects the case is a companion
one with Geffert v. Yorktown Independent
School District (Tex. Civ. App.) 285 S. W.
345, and (Tex. Com. App.) 290 S. W. 1083,
both involving controversies arising under
the same statute; that is, the Special Act of
the Regular Session of the Thirty-Seventh
Legislature of 1921 (Sp. Laws 1921, c. 45)
creating the school district; in the former,
the district brought the suit to recover of
Geffert taxes alleged to be due it under the
act for the years 1921 and 1922, while in this
one, as above recited, the appellants were the
actors, seeking to enjoin the district from
collecting any taxes of them thereunder for
those two years, as well as for 1923.

In both suits, through the same counsel,
substantially the same attack is made, not
only upon the constitutionality of the act,
but also upon the regularity and validity of
the several proceedings taken under it with
reference to the taxes therein involved.

In the Geffert Case this court overruled all
these contentions against the constitutional-
ity of the act and all the objections against
the validity of the 1922 taxes claimed there-
under, holding the order for the levy thereof
to be in substantial compliance with law,
but disallowed the recovery for 1921 taxes on
a holding that the land was not subject to
taxation by the school district for that year,
because it had not been a part thereof until
after the 1st of January of that year.    Gef-

fert v. School District (Tex. Civ. App.) 285 S. W. 345. The Supreme Court reversed that judgment solely upon the conclusion that this court was in error in finding that the "order levying the taxes" for the year 1922 was shown to have been adopted by the board of trustees of the district. Geffert v. School District (Tex. Com. App.) 290 S. W. 1083.

Our holding in other respects, therefore, remains undisturbed, and we are constrained to now adhere without rediscussion to it as disposing of the same issues in this cause.

[1, 2] From this it follows that the act is not, in our opinion, obnoxious to the Constitution, but, since the undisputed evidence in this instance shows that appellants' lands were not included within the district until after the 1st of January of 1921, and that the order purporting to levy the taxes for 1922 thereon was in identical condition with that held insufficient by the Commission of Appeals in the Geffert Case, they were not subject to the taxes claimed for either of those years, and as to them the writ sought should have been granted.

[3] As concerns the year 1923, we think the order levying the taxes for that year was shown to be a valid one; it being, as appears from the minutes of the board of trustees, as follows:

"Motion made by J. G. Kerlick, seconded by M. M. Davis, that the following order levying taxes be accepted. Motion carried:

" 'Yorktown, Tex., Oct. 5, A. D. 1923.

" 'Order Levying Taxes.

" 'Be it ordered by the board of trustees of the Yorktown independent school district, at a regular meeting, held on this the 5th day of October, A. D. 1923, in the city of Yorktown, in said district, that there is hereby levied for the year A. D. 1923, on all property situated and all property owned within the limits of the Yorktown independent school district, on the 1st day of January of the current year, except so much thereof as may be exempt by the Constitution and laws of this state or the United States, the following taxes:

" 'First. An ad valorem tax of and at the rate of 40 cents on the $100 cash value thereof, estimated in lawful currency of the United States, for the support and maintenance of the public free schools in said Yorktown independent school district.

" 'Second. An ad valorem tax of and at the rate of 13 cents on the $100 cash value thereof, estimated in lawful currency of the United States, to pay current interest on and provide one year's sinking fund for the outstanding bonds of said district, dated 8th day of April, A. D. 1910, and 1st day of August, A. D. 1916. [Signed] E. F. Viereck, President Board of Trustees, Yorktown Independent School District, G. M. Hinsey, Secretary Y. I. S. D., J. G. Kerlick, Trustee, M. M. Davis, Trustee, Aubrey Dunn, Trustee.' "

It thus appears that the omission held fatal to the 1922 order was supplied in this one for 1923 by the inclusion of the words "mo-tion carried," and the official action of the board that inclusion evidences; in other words, in this instance it is properly shown that the order assessing the taxes, which we have held commensurate with the requirements, was duly adopted by the appellees' governing body.

[4] This reiterated holding that this act does not violate the Constitution is not thought to be in conflict with the recent decision of the Commission of Appeals in Burns v. School District, 295 S. W. 1091, which the helpfulness of appellants' counsel in citing upon rehearing has given us the benefit of.

The two special acts are essentially different, in that the one deflowered in the Burns Case (Sp. Acts 39th Leg. [1925] c. 214) neither permitted a vote of the people of the new district on whether or not it should assume the outstanding indebtedness of the old district nor provided any legal means for its payment, while that involved here, as we have construed it, met both these requirements in sections 3 and 4 thereof, which are as follows:

"Sec. 3. The Yorktown independent school district shall have and exercise, and is hereby vested with all the rights, powers, privileges and duties conferred and imposed by the general laws of this state, now in force or hereafter enacted, upon the trustees of independent school districts incorporated and organized for free school purposes, including the right to levy taxes and issue bonds of said district to the extent, for the purposes, and subject to all of the limitations and conditions under which powers may be exercised, or may hereafter be exercised, under the general laws of this state by the trustees of independent school districts incorporated and organized under the general laws of this state; and all laws applicable to towns and villages, incorporated for free school purposes only, are hereby declared to be in full force and effect, with respect to said Yorktown independent school district.

"Sec. 4. The title to all school property in the Yorktown independent school district is hereby vested in the trustees of said district and their successors in office, provided that the trustees of the district, created by this act, shall provide according to law for the assumption by the district of its pro rata part of all outstanding bonded indebtedness of school districts or parts of school districts included in the territory of the district created by the act."

This district was thus not only expressly and affirmatively invested with all the powers conferred by the general laws of the state upon independent school districts generally and those applicable to towns and villages incorporated for free school purposes in particular, but in like manner its trustees, as a condition precedent to becoming invested with its property, were required to provide *according to law* for its assumption of the outstanding bonded indebtedness of the absorbed old district.

That provision could only be made by an election held for that purpose, pursuant to

chapter 24, Acts of Thirty-Seventh Legislature (1921) p. 56, House Bill No. 118, and R. S. art. 2883, Complete Texas Statutes of 1920, and the election was duly held, carried by majority vote, declared, and acted under, all as found by this court in Gerhardt v. Yorktown Independent School District, 252 S. W. 197. That decision, not having been overturned, is still the law with this tribunal.

Further discussion being deemed unnecessary, the trial court's judgment, after being so reformed as to grant appellants the injunction they sought against the 1921 and 1922 taxes, will be affirmed.

Reformed and affirmed.