130

**YORKTOWN INDEPENDENT SCHOOL
DIST. et al. v. AFFLERBACH et al.
(No. 954—5077.)**

Commission of Appeals of Texas, Section B.
Jan. 9, 1929.

Lewright & Lewright, of San Antonio, and S. C. Lackey, of Cuero, for plaintiffs in error.

Ward & Ward, of Houston, for defendants in error.

SPEER, J. The case is thus stated by Justice Graves for the Court of Civil Appeals [1 S.W.(2d) 410]:

" 'This is an action, brought in the district court of De Witt county by appellants as plaintiffs against appellees, the Yorktown independent school district, its trustees, and tax collector, as defendants, seeking a permanent injunction to restrain the defendants from collecting school district taxes for the years 1921, 1922, and 1923 from plaintiffs and upon their real property situated within said school district. The plaintiffs are resident, voting taxpayers within said school district, and their lands are situated within territory covered by an extension of the boundaries of such school district by special act of the Legislature of 1921, and without the boundaries before the extension, and the specific amounts sought to be enjoined were alleged and proved.

" 'Upon final hearing the court granted a permanent injunction covering a part of the year 1923, represented by an arbitrary raise in valuation made by the school board after the board of equalization had adjourned, and refused plaintiffs' application for injunction for the years 1921, 1922, and that part of 1923 not embraced in the arbitrary increase enjoined.

" 'Plaintiffs duly excepted to the ruling of the court, gave notice of appeal, have perfected their appeal, and are now before this court.'

"At a former term, the cause was affirmed upon a refusal of this court to consider appellants' propositions and assignments (285 S. W. 333), but, upon recommendation of the Commission of Appeals, the Supreme Court subsequently reversed that decision and remanded the cause here for further consideration (289 S. W. 1003). Accordingly, this court has now considered the appeal upon the contentions presented.

"In most respects the case is a companion one with Geffert v. Yorktown Independent School District (Tex. Civ. App.) 285 S. W. 345, and (Tex. Com. App.) 290 S. W. 1083, both involving controversies arising under the same statute; that is, the Special Act of the Regular Session of the Thirty-Seventh Legislature of 1921 (Sp. Laws 1921, c. 45) creating the school district; in the former, the district brought the suit to recover of Geffert taxes alleged to be due it under the act for the years 1921 and 1922, while in this one, as above recited, the appellants were the actors, seeking to enjoin the district from collecting any taxes of them thereunder for those two years, as well as for 1923.

"In both suits, through the same counsel, substantially the same attack is made, not only upon the constitutionality of the act, but also upon the regularity and validity of the several proceedings taken under it with reference to the taxes therein involved.

"In the Geffert Case this court overruled all these contentions against the constitutionality of the act and all the objections against the validity of the 1922 taxes claimed thereunder, holding the order for the levy thereof to be in substantial compliance with law, but disallowed the recovery for 1921 taxes on a holding that the land was not subject to taxation by the school district for that year, because it had not been a part thereof until after the 1st of January of that year. Geffert v. School District (Tex. Civ. App.) 285 S. W. 345. The Supreme Court reversed that judgment solely upon the conclusion that this court was in error in finding that the 'order levying the taxes' for the year 1922 was shown to have been adopted by the board of trustees of the district. Geffert v. School District (Tex. Com. App.) 290 S. W. 1083."

The Court of Civil Appeals reformed the judgment of the trial court and affirmed it. 1 S.W.(2d) 410.

Writs have been granted to all parties. We will examine first the contentions of plaintiffs in error Yorktown independent school district and others.

■ First, it is complained that the Court of Civil Appeals erred in holding that because the lands of defendants in error were not included within the district until after January 1, 1921, they were not subject to the taxes for that year. This contention must be sustained in the light of Blewitt v. Megargel, etc., District (Tex. Com. App.) 285 S. W. 271. There the point was expressly decided that taxable property situated on January 1 of any year in territory subsequently annexed to an independent school district during such year is chargeable with taxes afterward levied for that year. See, also, Cadena v. State (Tex. Civ. App.) 185 S. W. 367 (writ refused).

It is next complained that the Court of Civil Appeals erred in holding that the taxes for the year 1922 were collectable because the order of the school board purporting to levy such taxes was void. This matter was definitely determined in Geffert v. District (Tex. Com. App.) 290 S. W. 1083, where this very question was decided, and, the records being in identical condition, the ruling was followed by the Court of Civil Appeals in this case.

■ Counsel for plaintiffs in error argue

that the district court of De Witt county on January 4, 1923, had adjudicated that the Yorktown independent school district trustees are fully authorized and empowered to proceed to collect 40 cents on the $100 valuation on all the taxable property in said district, and that the levy made by said board on October 6, 1922, is valid as to such 40 cents maintenance tax, and present the same as res adjudicata to defendants in error's contention that no levy was made for that year. Whatever adjudication the district court made in the case referred to is of no moment as res adjudicata, for no such plea was interposed in this case.

■ Even though properties not within the district on January 1 were subject to be taxed for that year upon being thereafter during the year taken into the district, still of course there must have been a proper levy of taxes for that year before a collection thereof could be enforced, and, in the absence of such levy, an injunction would lie at the instance of the owner to stay a threatened sale for nonpayment of such taxes. It is undisputed that the minutes of the school board show no entry in 1921 of any levy for that year.

■■ It is contended, first, that such a levy by the board was not necessary because the matter of the levying of a specific tax of 40 cents for maintenance tax and a specific tax of 13 cents for payment of interest and sinking funds on bonds then and there assumed by the new school district having been submitted to the qualified voters of the district, the action of the voters themselves amounted to a levy of the tax for the year 1921. But this contention cannot be sustained. The taxing power is incident to sovereignty, and exists only in the state or some subdivision or agency of the state exercising the rights of sovereignty in this respect. The Constitution (article 7, § 3) authorizes the Legislature to pass laws for the assessment and collection of taxes in school districts. The special act of the Legislature creating Yorktown independent school district declares:

"The Yorktown Independent School District shall have the exercise, and is hereby vested with the rights, powers, privileges and duties conferred and imposed by the general laws of this state now in force or hereafter enacted upon the trustees of independent school districts, incorporated and organized for free school purposes, including the right to levy taxes and issue bonds of said district to the extent, for the purposes and subject to all of the limitations and conditions under which powers may now be exercised or may hereafter be exercised under the general laws of this State by the trustees of independent school districts incorporated and organized under the general laws of this State." Sp. Laws 1921, c. 45, § 3.

The power to levy taxes is thus vested in the district. We find no authority for such

power in any case to be exercised by the individual inhabitants of the district.

■ It is next contended that a sufficient levy was made by the board. On July 10, 1922, after the special act was in force, there was made and entered by the school board an order as follows:

"Whereas, at a regular meeting of the Yorktown Independent School District held at Yorktown, Texas, on the 7th day of October, A. D. 1921, a motion was duly made and carried by said board of trustees that an ad valorem tax of and at the rate of forty cents on one hundred dollars cash valuation thereof be levied and collected for the year 1921 on all real property situated and all property owned within said Yorktown Independent School District on the 1st day of January, A. D. 1921, except so much thereof as may be exempt by the Constitution and laws of this State or the United States, said tax being for the support and maintenance of the public free schools in said Yorktown Independent School District; and also an ad valorem tax of and at the rate of thirteen cents on the one hundred dollars cash value thereof on said taxable property in said district to pay current interest on and provide one year's sinking fund for the $22,000 outstanding bonds of said district, which bonds have been assumed by the present Yorktown Independent School District, and said board at said time was acting under and pursuant to the two elections held in said school district on the 6th day of October, A. D. 1921, wherein a maintenance tax of forty cents on the one hundred dollars valuation in said district was fully carried and the assumption of said bonds and a tax of thirteen cents on the one hundred dollars valuation was duly carried, etc.;

"And whereas, said motion duly made and carried by a unanimous vote of the following named trustees of said district present at said meeting, to wit: J. H. Koehler, president, E. Nau, secretary, H. Mollenhauer, A. G. Kraege, E. F. Viereck and C. H. Spence, and said secretary failed to record said motion or resolution in the minutes of said school board;

"Now therefore, we, the school board of said district at a regular meeting of said board of trustees hereby ratify and confirm said levy of said taxes made on the 7th day of October, A. D. 1921, and do hereby order that said levy be made as hereinabove stated and that the said Gus Metz, Sr., or his successor, appointed tax collector of said district at said meeting is hereby authorized and appointed to proceed to collect said taxes for the year A. D. 1921 as required by law."

■ It is of course true that the minutes of the board of trustees would afford the highest evidence of the action of the board and that such minutes cannot be varied or contradicted by parol evidence, but it does not follow

that where the board has acted and the minutes fail to show such action that parol evidence will not be heard to show the real action taken. The admission of such parol evidence is not in anywise to vary or contradict the minutes, but it is to supply the only existing evidence of the actual orders of the board. It is not the actual entry in the minutes of the record of the board's action that gives validity; such record is but evidence. The important consideration is the act of the board. See Mecom v. Ford, 113 Tex. 109, 252 S. W. 491; Martin v. Grandview School District (Tex. Civ. App.) 266 S. W. 607 (writ refused); 22 C. J. p. 1014, § 1296, and page 1085, § 1426.

We think a proper levy was shown for the year 1921.

■ As to the application by Afflerbach and others, it is insisted that there existed no authority to submit to the voters of the district the question of the assumption of an existing bonded indebtedness against the old district, and that therefore the school board could hold no valid election for such purpose, for which reason it is argued no taxes levied or attempted to be levied in pursuance of such unlawful purpose could be collected.

Section 3 of article 7 of the Constitution, already referred to, provides that the Legislature may authorize additional ad valorem taxes to be levied and collected within school districts for the further maintenance of public free schools and the equipment of school buildings therein, "provided that a majority of the qualified property taxpaying voters of the district voting at an election to be held for that purpose, shall vote such tax." Now, this authority for levying a tax is quite general. If the purpose be "for the further maintenance of public free schools or the erection and equipment of school buildings" in the district, then it is a matter for reference to the voters. We think this language is broad enough to include the levying of taxes to discharge the assumption of existing bonds issued for the purposes named. Such purpose is fairly within the language of the Constitution.

By section 4 of the act creating the district it is expressly declared that: "The trustees of the district, created by this act, shall provide according to law for the assumption by the district of its pro rata part of all outstanding bonded indebtedness of school districts or parts of school districts included in the territory of the district created by the act."

The method provided by law for authorizing taxes for maintenance of public free schools and the like is by a reference to the qualified property tax paying voters of the district, without which any attempt to levy such taxes would be futile. Cummins v. Gaston (Tex. Civ. App.) 109 S. W. 476, (writ refused); Burns v. Dilly, etc., District (Tex. Com. App.) 295 S. W. 1091; Crabb v. Celeste, etc., District, 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146; Hill v. Smithville, etc., District (Tex. Com. App.) 251 S. W. 209.

The purpose being one within the constitutional authority, and the only method known to the law having been pursued, the act of the board in submitting the matter to an election must be sustained.

■ These plaintiffs in error further insist that the act of the Thirty-Seventh Legislature providing for an election by the "qualified *taxpaying* voters" as applied to elections in independent school districts is void because it prescribes a different qualification for voters from that prescribed by the Constitution, art. 7, § 3, for there the qualification is that of "property taxpaying voters of the district." A familiar rule of construction will deny the suggested interpretation of the statute. The Constitution is the supreme law. In this case it expressly defines the qualification of voters to be that of "property taxpaying voters." The statute declaring merely that the qualification shall be that of a "taxpaying" voter must be construed in such a way, if possible, to give it validity and not to destroy it. It may be so interpreted by the imputed meaning of "property taxpaying voters," and in this sense the Legislature intended the provision to be. The order for the election specifically declared that "none but property taxpayers who are qualified voters in said Yorktown Independent School District shall vote at said election."

■ As to the year 1923, it is contended no levy was shown because of the following language in the order relied upon: "Motion made by J. G. Kerlick seconded by M. M. Davis that the following order levying taxes be accepted. Motion carried." The form of the order levying the taxes is not attacked, but the point made is that by the use of the word "accepted," in the above connection, instead of the word "adopted," no levy has been made. There is no magic in words; the essential purpose of the order is to make a levy, and any language which shows that intention is sufficient. The form of order makes clear that the board of trustees has "hereby levied for the year A. D. 1923" the taxes in controversy. The motion which was duly carried "accepted" that order. The fair meaning of the term "accepted" is that the board approved, adopted or made the levy described, and its action is altogether sufficient. Counsel for these plaintiffs in error insist that the word "accepted" is synonymous with "to take," but even so it is sufficient, for "to take" the order for what it purports to be it is a levy of the tax.

■ Finally, it is complained that there is in the record no order, ordinance, or resolution authorizing or directing any suit or suits to be instituted for the collection of the taxes involved in this proceeding, without which order, ordinance, or resolution the of-

ficers of the district are not entitled to maintain any suit for such taxes.

A sufficient answer to these assignments is that no effort to collect such taxes in this suit is made. The answer is merely a general denial and an allegation that separate suits are pending for the collection of the taxes and a prayer that the injunctive relief sought by plaintiffs be denied that the district may proceed with the enforcement of collections. No judgment for taxes was sought or obtained in this case.

We therefore recommend that the judgments of both courts be reversed and the cause remanded to the trial court for another trial not inconsistent with this opinion.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.