## CITY OF LIBERTY v. LLEWELLYN.
### (No. 1805.)

Court of Civil Appeals of Texas. Beaumont. March 20, 1929.

Rehearing Denied March 27, 1929.

714

J. F. Dabney, of Houston, for plaintiff in error.

J. Llewellyn, of Liberty, pro se.

O'QUINN, J. Plaintiff in error was plaintiff and defendant in error was defendant in the court below. We shall so refer to them. Plaintiff brought this suit against defendant to recover for city taxes alleged to be due on certain property in the town of Liberty, Tex., owned by defendant, and for a foreclosure of the tax lien, as provided by law. No personal judgment was sought. The petition was verified. Defendant answered by general demurrer and general denial. This answer was not verified. On a trial before the court, judgment was rendered that plaintiff take nothing and that defendant be discharged, with his costs. From that judgment this appeal was taken.

On the trial plaintiff offered in evidence the delinquent tax record of the city of Liberty, showing thereon the taxes sued for, establishing its prima facie right to recover, as authorized by article 7326 (7688) R. S. 1925, and rested its case. Defendant then placed J. H. O'Niel, city secretary of the city of Liberty, plaintiff, on the stand to prove that no ordinance had ever been passed by the city authorizing the levy of the taxes sought to be recovered. This testimony was objected to by the plaintiff on the ground that there was no pleading on the part of defendant upon which to admit that evidence; that is, that under defendant's general denial the testimony was not admissible, and that no issue of fact as to the levy of said taxes under defendant's answer could be raised. The court overruled this objection, and permitted the witness to testify that no ordinance had been passed by the city authorizing and requiring the levy of any of the taxes sued for. Plaintiff's two assignments of error (found in the transcript, but not brought forward in plaintiff's brief) challenge the correctness of the court's action in admitting this evidence.

 One of the reasons urged by plaintiff in its brief against the admissibility of said evidence is that plaintiff's petition was duly verified and that defendant's answer was not verified. Prior to 1923, article 7688 (now article 7326) required that in suits for collection of delinquent taxes the petition must be verified, and that the answer of the defendant (except as to matters of law) should be also verified; but the Legislature, in 1923 (Acts 2d C. S. p. 34; Acts 3d C. S. p. 184), amended said statute and omitted the requirement of verification of the pleadings. This being true, the case of League v. State, 93 Tex. 553, 57 S. W. 34, cited by plaintiff, has no application.

 It is earnestly insisted that the defendant could not raise the issue of the legality of the tax levy by a general denial; that same was a fact question and that the absence of a legal levy of the taxes must be specially pleaded. This contention is overruled. Plaintiff among other things alleged that the taxes sued for had been legally levied and assessed. Defendant in his answer denied "all and singular each and every allegation in said petition contained" and put himself upon the country and prayed judgment accordingly. This made the question of the legality of the levy of the taxes a question of fact raised by the pleadings of the parties—was so raised by the general denial —and the court did not err in admitting the testimony of O'Niel, city secretary. This evidence, without dispute, showed that no ordinance had ever been passed by the city authorizing the levy of said taxes. This is required by article 1026 (923) (484), R. S. 1925. Any levy not made in accordance with this mode is void. Earle v. City of Henrietta, 91 Tex. 301, 43 S. W. 15; People's National Bank v. City of Ennis (Tex. Civ. App.) 50 S. W. 632; Town of Pleasanton v. Vance (Tex. Com. App.) 277 S. W. 89; Geffert v. Yorktown Independent School District (Tex. Com. App.) 290 S. W. 1083.

The judgment must be affirmed for the further reason that plaintiff's brief contains no assignments of error. Two assignments are referred to in the brief as being contained in the transcript, with mention of the page of the transcript, but this is not sufficient. Rule 32 for Courts of Civil Appeals relative to briefing requires that the brief shall contain verbatim copies of such of the assignments of error filed in the trial court and reproduced in the transcript as are relied on in the appeal, and it is well settled that all such assignments not so brought forward are waived. There being no assignments of error in appellant's brief, and no

fundamental error appearing, the judgment would have to be affirmed.

The judgment is affirmed.

### On Motion for Rehearing.

On a former day we affirmed the judgment in this cause, and plaintiff in error has filed motion for a rehearing. In this motion it is stated that we erred in saying that plaintiff's brief contains no assignment of error. We were in error in this. The assignments, two of them, are on the last page of the brief. We therefore withdraw what we said as to there being no assignments brought forward in the brief as a cause for affirmance. However, we had already considered all the grounds asserted for a reversal, and had overruled them.

Upon a reconsideration, we think our holding was correct, and the motion for rehearing is overruled.