## HOWARD v. DESDEMONA INDEPENDENT SCHOOL DIST. (No. 592.)

Court of Civil Appeals of Texas. Eastland. June 21, 1929.

Rehearing Denied Sept. 13, 1929.

J. R. Stubblefield and R. L. Rust, both of Eastland, for appellant.

M. McCullough, J. Frank Sparks, Conner & McRae, and Sayles & Sayles, all of Eastland, for appellee.

HICKMAN, C. J. The appeal is from a judgment in favor of appellee against appellant in a suit instituted to recover delinquent school taxes. The sole question which we find necessary to decide is the constitutionality of a special act of the Legislature creating Desdemona independent school district, in Eastland and Erath counties. The district was created under and by virtue of Senate Bill No. 362, chapter 84 of the Special Laws of the Regular Session of the Thirty-Eighth Legislature. Besides the caption and emergency clause, the special act is in four sections. Section 1 establishes the district, which included the then existing Desdemona independent school district of Eastland county, and set out the metes and bounds of the new district, as extended by the act. Section 2 placed the management and control of the public free schools in the district in a board of seven trustees and provided for their election, etc. Sections 3 and 4 are as follows:

"3. The said Desdemona independent district, as created by this act, shall have and exercise and is hereby vested with all of the rights, powers, privileges and duties of a town incorporated under the general laws of this state for free school purposes only, and a board of trustees of the said Desdemona independent district shall

have and exercise all of the rights, powers, privileges and duties conferred and imposed by the general laws of Texas upon the trustees of independent school districts incorporated under the general laws of this state for free school purposes only.

"4. The Desdemona independent district hereby created is to and shall assume any bonded indebtedness heretofore created by the Desdemona independent district of Eastland county, which is now unpaid and outstanding, and shall levy and collect annually a sufficient tax to .pay off said indebtedness: Provided that nothing in this act shall be construed to invalidate any existing obligations of said Desdemona independent district of Eastland county or of any taxes heretofore provided, and now in force in said territory."

Appellant's land was not included within the bounds of the Desdemona independent school district of Eastland county, as it existed prior to the special act above described, but was within the limits of the district as created by this special act. If, therefore, the special act was unconstitutional, then admittedly appellant's land is not subject to the tax.

There has been much written on similar questions since the decision of our Supreme Court in the case of Millhollon v. Stanton Independent School District (Tex. Com. App.) 231 S. W. 332. There are now under submission in this court four different cases in which the constitutionality of various special acts of the Legislature creating independent school districts is questioned. In considering these cases, including the instant case, we have made an investigation of all the authorities cited in the briefs, and which we have been able to find, and a consideration thereof has led us to the conclusion that the act under investigation is condemned by Millhollon v. Stanton Independent School District (Tex. Com. App.) 231 S. W. 332, and Burns v. Dilley County Line Independent School District (Tex. Com. App.) 295 S. W. 1091.

The act, in providing that the Desdemona district "is to and shall assume any bonded indebtedness heretofore created," contains the same vice which condemned the act in the Burns Case. That act provided that such bonds "shall be assumed by and are hereby made binding obligations of," etc. Sp. Laws 1925, c. 214, § 13. There is no substantial difference between the two quoted provisions.

That portion of the act under investigation which provides that the Desdemona district "shall levy and collect annually a sufficient tax to pay off said indebtedness" is substantially the same provision which was condemned in the Millhollon Case. In the latter case the provision was that the board of trustees "shall have the power and it shall be their duty to levy and collect * * * a tax sufficient to pay interest on and create sinking fund to pay at maturity the bonds heretofore issued." Loc. & Sp. Laws 1917, c. 128, § 19. A direction that the district "shall levy and collect a tax" is identical with a direction that the trustees "shall levy and collect a tax," for taxes are levied and collected only by and under the direction of trustees.

The principal authority relied upon by appellee in support of the constitutionality of the act is the case of Afflerbach v. Yorktown Independent School District (Tex. Civ. App.) 1 S.W.(2d) 410; Id. (Tex. Com. App.) 12 S.W.(2d) 130. The act there upheld did not make it obligatory upon the enlarged district to assume the indebtedness of the old district, and did not impose upon such enlarged district or its trustees the duty to levy and collect a tax for a prior bonded indebtedness. That act provided that the trustees should provide, according to law, for the assumption by the new district of its pro rata part of the outstanding bonded indebtedness of districts or parts of districts included in the newly created district as a condition precedent to its becoming vested with the property of the old district. The substance of that provision was to require the trustees to submit the question to the voters of the newly created district, and the validity of such district did not depend upon the result of such election. In the act under construction the provision with reference to assuming such indebtedness is positive and direct, and the district is required to assess and collect taxes theretofore voted in a portion thereof, irrespective of the results of any election.

We do not construe the opinion of the Commission of Appeals in the Afflerbach Case as in any manner modifying the holdings in the Millhollon or Burns Cases. In the instant case the act under construction more nearly conforms to the provisions of the acts in the latter cases than in the former, and for that reason we feel impelled to hold such act repugnant to section 3, art. 7, of the Constitution.

The fact that in the instant case an election was held in the newly created district, at which election the tax sought to be collected in this suit was voted, has no weight in determining the validity of the creating act. Millhollon v. Stanton Independent School District, supra.

The judgment of the trial court will accordingly be reversed, and judgment here rendered that appellee take nothing against appellant.