

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 5, 1962

Honorable Jules Damiani
Criminal District Attorney
Galveston County
Galveston, Texas

Opinion No. WW-1376

Re: Whether Section 19 of
Senate Bill 101, Third
Called Session, 57th
Legislature, repeals
Senate Bill 135, Regular
Session, 57th Legisla-
ture, and related ques-
tion.

Dear Mr. Damiani:

You request the opinion of this office on the follow-
ing questions:

1.  Does Senate Bill 101, Acts 57th Legislature,
    Third Called Session, 1962, repeal Senate
    Bill 135, Acts 57th Legislature, Regular
    Session, 1961? /Codified by Vernon as Arti-
    cle 2338-16/.

2.  Does the Juvenile Board created by Senate
    Bill 135 /codified by Vernon as Article 5139LL/
    become defunct on September 1, 1962, thus re-
    quiring the constitution of a new juvenile
    board by new appointments of members as provided
    in Section 8(a) of Senate Bill 101?

Senate Bill 101, Acts 57th Legislature, Third Called
Session, 1962, chapter 64, page 171, is titled:

"An Act creating a Court of Domestic Re-
lations for Galveston County, Texas; fixing the
jurisdiction; conforming the jurisdiction of
other courts thereto; fixing its term; providing
the manner of selection, tenure and compensation
of the Judge and other officers of said Court;
providing the manner of and grounds for removal
of the Judge of said Court; providing the Juvenile
Board of Galveston County; providing for appeals
to higher courts; providing the procedure of said
Court; providing for the services of certain
county and district officers to said Court; con-
taining a saving clause; and declaring an emer-
gency."

The law is settled that the Legislature has the power to repeal a statute, and the power of repeal extends to a previous Act of the same session. 82 C.J.S. 470, Statutes, Sec. 279.

Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950), involved an attack on the constitutionality of an Act creating a Court of Domestic Relations and Juvenile Board in and for Potter County (Acts 51st Leg., 1949, ch. 426, p. 792). Senate Bill 101 undoubtedly is valid legislation in view of its similarity with the Potter County Act and the majority opinion of the Texas Supreme Court in the Jordan case sustaining the constutionality of the Potter County Act.

The title of Senate Bill 101 does not disclose that the body of the bill contains a repealing provision, but this does not invalidate the bill or the repealing clause on constitutional grounds pursuant to Section 35 of Article III, Texas Constitution. Referring to an Oklahoma constitutional provision which is identical for all practical purposes to Section 35 of Article III, the Supreme Court of Oklahoma stated the general rule involved as follows:

> "An act may incorporate a provision for the repeal of an inconsistent prior statute or statutes on the same subject, although such repeal is not indicated or referred to in the title, without violating a constitutional requirement that the subject of an act be expressed in its title, since an intent to repeal all laws inconsistent with the new measure is necessarily implied, and so need not be expressed in the title. A repeal of a statute or provision on a different subject may not, however, be included in an act without being disclosed in the title." Perry v. Carter, 48 P.2d 278, 281 (1935), quoting 59 C.J. 816, Statutes, Sec. 398.

The same principle was upheld by the Supreme Court of Nebraska in Thompson v. Commercial Credit Equipment Corp., 99 N.W.2d 761, 767 (1959) and the Galveston Court of Appeals in Geffert v. Yorktown Independent School District, 285 S.W. 345, 349 (Civ.App. 1926), reversed on other grounds 290 S.W. 1083 (1927). Also, see 82 C.J.S. 370, Statutes, Sec. 219 and cited cases.

Section 19 of Senate Bill 101 provides:

> "All laws and parts of laws in conflict herewith pertaining to the Juvenile Board of

Galveston County, including Senate Bill No. 135, Acts of the 57th Legislature, Regular Session, 1961, be, and the same are hereby repealed."

This Section is an express repeal of Senate Bill 135. Section 8(a) establishes a Juvenile Board in Galveston County, and Section 20 provides that the effective date of the Act shall be September 1, 1962. Consequently, we answer both of your questions in the affirmative.

## SUMMARY

Senate Bill 101, Acts 57th Legislature, Third Called Session, 1962, expressly repeals Senate Bill 135, Acts 57th Legislature, Regular Session, 1961. The Juvenile Board created by Senate Bill 135 is abolished on September 1, 1962, and a new board is authorized to be constituted subsequent to that date by Section 8(a) of Senate Bill 101.

Yours very truly,

WILL WILSON
Attorney General of Texas

By F. R. Booth
F. R. Booth
Assistant

FRB:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Bill Allen
Gordon Zuber
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore