### GIVENS et al. v. WOODWARD et al.

### No. 9640.

Court of Civil Appeals of Texas. Austin.

Dec. 10, 1947.

Rehearing Denied Dec. 29, 1947.

Writ of Error Denied Feb. 8, 1948.

See 208 S.W.2d 303.

Kenneth R. Lamkin, of Austin, for appellant.

Price Daniel, Atty. Gen., Fagan Dickson, 1st Asst. Atty. Gen., and Jackson Littleton, Asst. Atty. Gen., for appellees.

GRAY, Justice.

Appellant, Everett H. Givens, brought this action in the 53rd District Court of Travis County, and prayed for a writ of mandamus against the Board of Regents of the University of Texas, requiring said Board to establish, at Austin, a branch university of Texas for the instruction of the colored youth. Appellant sued individually and as a representative of the Negro citizens of Texas, and alleged he wishes to attend a professional school in Texas for a refresher course in dentistry and dental surgery; and further alleged no such school is available to him.

James H. Carlock intervened, alleging he was a member of the class represented by appellant, and adopted appellant's pleadings.

Appellees answered by pleas in abatement, Nos. 1 and 2 (both of which pleas are here abandoned), and further answered by general and special denials.

A jury being waived, the trial was to the court, at the conclusion of which judgment was rendered overruling appellees' pleas in abatement, denying the writ of mandamus, and taxing the costs against appellant.

Appellant, Everett H. Givens, alone has appealed.

One question here presented is: Does Sec. 14 of Art. 7 of our State Constitution, Vernon's Ann.St., afford the relief prayed for by appellant? This section reads: "The Legislature shall also when deemed practicable, establish and provide for the maintenance of a College or Branch University for the instruction of the colored youths of the State, to be located by a vote of the people: Provided, that no tax shall be levied, and no money appropriated, out of the general revenue, either for this purpose or for the establishment, and erection of the buildings of the University of Texas."

Appellant asserts Sec. 14 quoted is not only a grant of authority but is self-enacting; that in obedience to a joint resolution of the 17th Legislature an election was held and the colored branch of the University located at Austin, which action was a sufficient mandate to the Board of Regents to require them to so establish such branch university.

If appellant is correct in saying that in obedience to a joint resolution of the 17th Legislature, Laws of Texas, Vol. 9, c. 19, p. 285, an election was called and held for the purpose of locating a branch university for the instruction of the colored youth of this State, and Austin thereby selected as such location, we hold this would not be a mandate to, or authority for, the Board of Regents to proceed to establish such branch university. The words "locate" and "establish" are not synonymous. 15 Words and Phrases, Perm.Ed., Essentially, p. 154. The constitutional provision is: the location shall be selected by a vote of the people, and the establishment shall be by the Legislature. The establishment and maintenance of a branch university mentioned in the above quoted Section 14 would of necessity have to follow its location.

That Sec. 14 of Art. 7, State Constitution, is not self-enacting but is only an authorization to the Legislature is clear and we so hold.

In both his brief and oral argument appellant argues that by an Act of the 17th Legislature, Laws 1881, c. 75, entitled: "An act to establish the University of Texas," it was intended to provide a complete university for all the citizens of Texas, including the colored youth. This Act is Chapter LXXV, Laws of Texas, Vol. 9, p. 171, and was passed in 1881. An examination of this legislation reflects provision was made: for the establishment of an in-

stitution of learning to be known as the University of Texas; for its location to be determined by a vote of the people; for a medical branch thereof and its location to be, also, determined by vote of the people; vesting the government of the institution in a Board of Regents; prescribing the duties of such Board; limiting the fees of admission; authorizing the erection of buildings with limitation on the expenditures therefor; authorizing the purchase of furniture, library, apparatus, museum and appliances to the extent of $40,000; providing all expenditures shall be made by order of the Board of Regents and paid on warrants of the Comptroller based on vouchers approved and counter-signed by the president and secretary, respectively; providing no religious qualification shall be required for admission; providing for annual reports by the Board of Regents to the Board of Education and to each regular session of the Legislature; providing for the appointment of a Board of Visitors by the Legislature at each regular session, such Board to attend the annual examinations of the University and its branches; and report to the Legislature thereon; and providing reasonable expenses of the Board of Regents and Board of Visitors in the discharge of their duties shall be paid from the available University funds.

Appellant lays stress on this Act in its entirety and especially on Sec. 18 thereof, which section reads: "The regents shall have authority to expend the interest which has heretofore accrued, and may hereafter accrue, on the permanent university fund, for the purposes herein specified, and for the maintenance of the branches of the university; and the said interest is hereby appropriated for this purpose."

█ It is to be noticed the Legislature made no mention of any branch of the University except the medical branch; no mention is made of the college or branch university for the instruction of the colored youth. That it was not the intention of the Legislature to provide for the establishment of such branch in the above Act is evidenced by action of the same Legislature taken at a later day at a called session, Laws of Texas, Vol. 9, p. 285, by the joint resolution hereinabove referred to, instruct-

ing the Governor to call an election: "For the location of a branch of the University, for the instruction of the colored youths," and fixed the time for the holding of the same as the first Tuesday after the first Monday in November, 1882, which was a date different from the date fixed for the holding of the election of the location of the University and its medical branch, such date so fixed being the first Tuesday in September, 1881. In fact, at the time of the passage of the above-quoted Section 18 the election for the location of the colored branch had not been called or provided for.

█ We understand appellant's contention to be the Legislature having acted as herein outlined, the duty is imposed on the Board of Regents to complete the University by adding thereto a colored branch. To this we do not agree. It is for the Legislature to establish and provide for the maintenance of a college or branch university for the instruction of the colored youth when that body deems it practicable.

In support of his contention, appellant further relies on an Act of the 25th Legislature passed in 1897, c. 109. This Act is entitled: "An Act to provide for the survey of lands to be set apart as a permanent endowment fund for the Branch University for colored people of this State." Laws of Texas, Vol. 10, p. 1202. The Act authorizes the Governor and Commissioner of the General Land Office to appoint a surveyor to survey and return to the General Land Office plats and field notes of one hundred thousand acres of land to be surveyed out of any of the vacant public and unsurveyed lands of the State; provides how said survey shall be made and returns made to the General Land Office; provides the odd numbered surveys shall be set apart and constitute a permanent endowment for a branch university for the colored people; places said lands under the control of the Board of Regents of the University of Texas to be held in trust for the benefit of said branch university.

██ The Act goes no further than to set aside public lands to be held in trust by the Board of Regents as an endowment for the branch university for colored people. It does not establish such branch. In fact

the Legislature has not yet exercised its discretion and established the branch university for the colored people of this State at a location selected by a vote of the people, and not having done so, the appellees are without authority to proceed as urged by appellant.

Having reached the conclusion appellant is not entitled to the writ of mandamus prayed for, the judgment of the trial court is affirmed.

Affirmed.