

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 7, 1950

Hon. W. R. Banks
Acting Chairman
Board of Directors
Texas State University
  for Negroes
Prairie View, Texas

Opinion No. 1039.

Re: The authority of Texas
State University for
Negroes to refund cer-
tain tuition payments
under the submitted
facts, and related
questions.

Dear Sir:

In connection with your request for an opinion
we have restated the facts submitted as follows:

One certain student, whose address is
Johnsboro, Louisiana, and admittedly a resi-
dent of the State of Louisiana, enrolled at
The Texas State University for Negroes for
the regular sessions of 1948-1949, and 1949-
1950, paying for each semester of each long
session, a tuition of $25.00, the amount
charged citizens or resident students of Tex-
as.  In January, 1950, it was discovered that
he was a citizen and resident of Louisiana.
Whereupon, the authorities of said University
demanded that he pay, not only $150.00 for the
current semester, but retroactively, for the
duration of his attendance at the institution.
This student paid this indebtedness with con-
tributions and loans from his friends.  These
friends have asked the Board of Directors of
the institution to refund to the student the
money advanced him for this purpose.

Furthermore, it has recently been dis-
covered that the institution has several other
non-resident students who, through resident
status error, have not paid the non-resident
tuition of $150.00 per semester.  On October
14, 1947, the Board of Directors of the Uni-
versity fixed the non-resident student tui-
tion fee at $150.00 per semester.

The following questions are asked:

1. Does the Board of Directors have the authority to waive unpaid tuition fees on its non-resident students, and collect only non-resident fees from its non-resident students from the time it discovers the error in the resident status of such students?

2. Does such Board, in the case presented, have authority to refund back-due tuition fees collected as non-resident fees?

The Texas State University for Negroes is a college created by the Legislature under the authority of Section 48, Article III of the Constitution of Texas, and is supported by public funds appropriated by the Legislature. S.B. 140, Acts 50th Leg., R.S. 1947, ch. 29, p.36 (Art.2643b, V.C.S.); H.B. 319, Acts 51st Leg., R.S. 1949, ch. 584, p.1133; S.B. 253, Acts 51st Leg., R.S. 1949, ch.478, p.887; A.G. Opinion V-31. The division of the University known as The Prairie View Agricultural and Mechanical College of Texas is under the control and supervision of the Board of Directors of The Agricultural and Mechanical College of Texas. Sec.2 of S.B. 140, supra.

Tuition rates to be collected from students enrolling in State supported institutions of collegiate rank are provided for in Article 2654c, Vernon's Civil Statutes. A.G. Opinion No.0-5891. Article 2654c, as last amended by House Bill 507, 50th Leg., R.S. 1947, ch.218, p.389, effective at the time when the Texas State University for Negroes was created, provides:

"Sec. 1. The governing boards of the several institutions of collegiate rank supported in whole or in part by public funds appropriated from the State Treasury shall cause to be collected from students registering in the said schools after September 1, 1933, tuition at the following rates:

"1. From each resident student, who registers for twelve (12) or more semester hours of work per semester of four and one-half (4½) months, Twenty-five Dollars ($25.-00) per semester; . . .

"2. From each non resident student who registers for twelve (12) or more semester

hours of work per semester of four and one-half (4½) months, a registration fee of not less than Seventy-five Dollars ($75) nor more than One Hundred and Fifty Dollars ($150) per semester as fixed and determined for each fiscal year by each governing board; . . .

"(a)  A nonresident student is hereby defined to be a student of less than . . . (21) years of age, living away from his family, and whose family resides in another State, or whose family has not resided in Texas for the . . . (12) months immediately preceding the date of registration; or a student of . . . (21) years of age or over who resides out of the State or who has not been a resident of the State . . . (12) months subsequent to his twenty-first birthday or for the . . . (12) months immediately preceding the date of registration.

"  .  .  .

"(e)  The governing boards of the several State-supported institutions are hereby authorized to assess and collect from each non-resident student failing to comply with the rules and regulations of the governing boards concerning nonresident fees a penalty not to exceed Five Dollars ($5) per semester.

"4.  From each resident student registering for a summer session, such an amount as shall be fixed by the governing board of such institution, but in no event less than Twenty Dollars ($20) for a twelve week term nor more than Thirty-five Dollars ($35) for a twelve week term.  From each nonresident student registering for a summer session such proportionate amount as is provided in paragraph 2 of Section 1 as the length of the summer session bears to the length of the semester or term, provided, however, that in no event shall the summer session fee levied on a nonresident student be less than the fee charged to a resident student; . . .

"Sec. 2.  All tuition, local funds or fees collected by such institutions shall be retained and expended by such institutions

Hon. W. R. Banks, page 4 (V-1039)

and accounted for annually as provided in
the General Appropriation Bill . . ."

The governing boards of our State institutions
of higher learning are provided for by statute. The mem-
bers of these boards can exercise no authority unless the
same is expressly conferred or arises by necessary impli-
cation from the powers that are conferred. Givens v.
Woodward, 207 S.W.2d 234 (Tex.Civ.App. 1947, error dism.
w.o.j., 146 Tex. 396, 208 S.W.2d 363); Walsh v. Univer-
sity of Texas, 169 S.W.2d 993 (Tex.Civ.App. 1942, error
ref.); Foley v. Benedict, 122 Tex. 193, 55 S.W.2d 805
(1932); 27 R.C.L. 139, Universities and Colleges, Sec.8.
In the matter of tuition rates to be charged students
(resident and nonresident) enrolling in such institutions,
the powers of the boards are prescribed in Article 2654c.
Exemptions from the payment of tuition by certain veter-
ans, resident citizens of Texas, are provided in Article
2654b-1, but such exceptions need no consideration here-
in.

With respect to resident students, Article
2654c requires that the governing board "shall cause to
be collected" from each such student who registers for
twelve or more semester hours per semester of four and
one-half months, twenty five ($25) dollars per semester.

As to nonresident students, the statute re-
quires that the governing board "shall cause to be col-
lected" from each such student registering for twelve
or more semester hours per semester of four and one-half
months "a registration fee of not less than . . . ($75)
nor more than . . . ($150) per semester as fixed and de-
termined" by the governing board. Herein the board does
have the discretionary authority within the limits spec-
ified to determine what its nonresident tuition fee shall
be. We are advised that the tuition rate of the insti-
tution in question has been fixed at One Hundred and Fif-
ty Dollars per semester for each nonresident student re-
gistering for twelve or more hours per semester of four
and one-half months.

These tuition rates having been fixed by and
in accordance with law, it follows that it becomes the
statutory duty of the governing board to cause them to
be collected, to demand the Twenty-five Dollar fee from
each resident student or the One Hundred and Fifty Dol-
lar fee from each nonresident student at the time he is
enrolled or at such time when his correct status as re-
sident or nonresident student is correctly determined

or discovered. Under Article 2654c, the governing board has no authority, expressed or implied, to waive in whole or in part any uncollected payments of tuition by its resident or nonresident students. Foley v. Benedict, supra; Cape Girardeau School Dist. No. 63 v. Frye, 225 S.W.2d 484 (Mo.App.1949); A. G. Opinions Nos. 0-1194, 0-5267. Indeed, the Board is further authorized to assess and collect a penalty of five dollars per semester from each nonresident student failing to comply with its rules fixing nonresident fees. Art.2654c, Sec.1, par.2(e). This penalty provision of the law is designed, we think to impose responsibility on the enrolling student, in cases of doubt, to have determined from all the facts in his command what his true status as a resident or nonresident student may be.

With reference to your second question it follows from what has been said in answer to your first question that the answer is in the negative. The college cannot refund such belated tuition payments lawfully collected. The status of the student as a nonresident is undisputed. Being a nonresident student, the law requires him to pay tuitation at nonresident rates and the Board to collect the same. Therefore, the money collected as tuition was lawfully collected and deposited as local funds of the institution. H.B. 546, Acts 51st Leg., R.S. 1949, ch.145, p.267 (Art.2643e, V.C.S.); Art.2654d, V.C.S. Local funds of such institutions, lawfully collected, can be used or expended only for the purpose for which they are appropriated. H.B. 319, Sec.1(a) and General Provisions, subsec. (4), supra; A.G. Opinions Nos. 0-1662, 0-1694, 0-7012, V-54.

## SUMMARY

It is the statutory duty of the governing boards of state institutions of higher learning to cause to be collected from each student as of the time of enrollment the tuition fees specified in Article 2654c, V.C.S., for each semester of four and one-half months, which for resident students is $25.00, and for nonresident students is such amount as may be fixed by the board, but not less than $75.00 nor more than $150.00. Such boards have no authority, express or implied, to waive in whole or in part any uncollected tuition required to be

paid by resident or non-resident students, nor may such boards refund tuition fees paid or collected in the amounts required.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By *Chester E. Ollison*

Charles D. Mathews
Executive Assistant

Chester E. Ollison
                Assistant

CEO:bh:mw