# J. A. DUNCAN, TAX COLLECTOR AND ASSESSOR ET AL V. HARVEY E. GABLER ET AL.

No. A-1864. Decided November 17, 1948.

(215 S. W. (2d) Series, 155.)

230

*Rowland & Bouldin, Homer T. Bouldin,* all of Houston, *Shirley W. Peters,* of Dallas, and *T. Jay Foster,* of Pasadena, for petitioners.

The trial court erred in holding that Article 7328a, Vernon's Civil Statutes, which provides that sales of property upon which delinquent taxes are due shall be made only after foreclosure of tax lien in a court of competent jurisdiction, is constitutional. Carpenter v. Sheppard, 135 Texas 413, 145 S. W. (2d) 562; City of San Antonio v. Berry, 48 S. W. 496; Jones v. Ross, 141 Texas 415, 173 S. W. (2d) 1022.

*Sam G. Croom* and *John A. Croom,* of Houston, and *C. R. Winn,* of Dallas, for Respondents.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

This case is before us on direct appeal from an order of the district court granting a temporary injunction restraining appellant Duncan, tax assessor and collector of Pasadena Independent School District, and the other appellants, from advertising for sale, selling or offering for sale at a "summary sale" real property owned by appellees against which there are taxes legally assessed and delinquent. The order of the district court granted the injunction on the ground of the constitutionality of Chapter 48, Acts Regular Session, 41st Legislature, 1929 (Article 7328a, Vernon's Annotated Civil Statutes) which provides that sales of real estate for the collection of delinquent taxes due thereon shall be made only after foreclosure of tax lien securing the same has been had in a court of competent jurisdiction. See Sec. 3b, Article V, Texas Constitution, adopted November 5, 1940; Acts Regular Session 48th Legislature, Chap-

ter 14 (Article 1738a, Vernon's Annotated Civil Statutes) ; Rule 499a, Texas Rules of Civil Procedure.

As their briefs show, the parties are in agreement that the controlling question in the case is that as to the constitutionality of the Act of 1929 above mentioned. We make a brief statement of the relevant provisions of the Constitution and the statutes.

Section 13 and 15 of Article VIII of the Constitution of 1876 are as follows:

"Sec. 13. Provision shall be made by the first Legislature for the speedy sale of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter for the sale of all lands and other property, upon which the taxes have not been paid, and the deed of conveyance to the purchaser for all lands and other property thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; provided that the former owner shall, within two years from date of purchaser's deed, have the right to redeem the land upon the payment of double the amount of money paid for the land."

"Sec. 15. The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide."

By an Act approved August 21, 1876, the legislature made it the duty of the county tax collector to levy upon and sell real estate for the collection of unpaid taxes, after advertising the land to be sold in a newspaper for three successive weeks, or posting notice of the sale for thirty days if there should be no newspaper published in the county, the sale to be made at auction and a deed to be executed and delivered by the tax collector to the purchaser. The Act provided that the owner should have two years from the date of sale within which to redeem the land. Sections 16 to 21, Chapter 152, Acts Regular Session, 15th Legislature. This Act, with changes unimportant here, became Articles 4751 to 4758 of the Revised Civil Statutes of 1879, and Articles 7272 to 7283 of the Revised Civil Statutes of 1925. By Articles 1058 to 1065 of the Revised Civil Statutes of 1925, the same procedure, or substantially the same, was pre-

scribed for the sale of real estate in cities for the collection of taxes. By Article 2791 of the Revised Civil Statutes of 1925) amended by Chapter 176, Acts Regular Session, 49th Legislature) the assessors and collectors of taxes for independent school districts were authorized to exercise the same power and perform the same duties with reference to the assessment and collecting of school taxes as those that were conferred by law upon the assessors and collectors of taxes in cities.

After the adoption of the Constitution of 1876 there was no statute providing for the collection of delinquent taxes against land by suit and foreclosure sale, until the enactment in 1895 of Chapter 42, Acts Regular Session of the 24th Legislature, amended in 1897 by Chapter 103, Acts Regular Session of the 25th Legislature. The Act as amended became Articles 7326 to 7344 of the Revised Civil Statutes of 1925. This Act makes it the duty of the county officers to file or cause to be filed suits for the collection of delinquent taxes on real estate promptly after the giving of notice of delinquency, and it prescribes the procedure in the suit, including the petition, citation and service, the judgment of foreclosure, and the sale by the sheriff. Among other provisions of the Act is one that the delinquent tax suits shall take precedence over all other suits pending in the district court. Article 7326.

It is to be observed that there have been other later enactments for the purpose of simplifying and making more effective the procedure for the collection of delinquent taxes by suit and forecelosure sale. Some are amendatory and some are cumulative of the Act of 1925. See Chapter 506, Acts Regular Session, 45th Legislature (1937) ; Chapters 18 and 19 (Taxes and Taxation) Acts Regular Session 46th Legislature, pages 661-667 (1939) ; Chapter 534, Acts Regular Session 47th Legislature (1941) ; Chapter 454, Acts Regular Session 50th Legislature (1947), Article 7345b, Vernon's Annotated Civil Statutes.

In 1929 when both Articles 7272 to 7283, authorizing the collection of delinquent taxes by tax collector's sale without suit, and Articles 7326 to 7344, authorizing collection by suit and foreclosure sale, were in effect, Chapter 48 of the Acts of the Regular Session of the 41st Legislature (Article 7328a, Vernon's Annotated Civil Statutes) was enacted. The Act is as follows:

"Section 1. That all sales of real estate made for the collection of delinquent taxes due thereon shall be made only after

the foreclosure of tax lien securing same has been had in a court of competent jurisdiction in accordance with existing laws governing the foreclosure of tax liens in delinquent tax suits.

"Sec. 2. All laws and parts of laws in conflict with the provisions of this Act be and the same are hereby repealed."

Appellants construe Section 13 of Article VIII of the Constitution as a mandate to the legislature requiring the enactment of a law for the "summary sale" of land in the collection of taxes, that is, a sale made without the foreclosure of tax lien by the judgment of a court. Applying that section of the Constitution thus construed to the Act of 1929, they say that the Act is unconstitutional because "it is diametrically opposed to Article VIII, Section 13 of the Constitution". They say further that since the Act is unconstitutional it is wholly void and, being void, did not work a repeal of Articles 7272 to 7283 and other like statutes authorizing summary sales.

■ The soundness of the contention that the Act of 1929 contradicts the Constitution is to be tested in the light of settled rules for the construction of constitutional provisions and statutes. It is necessary to look both to the meaning of the Act and to the meaning of the provisions of the Constitution. Brown v. City of Galveston, 97 Texas 1, 75 S. W. 488.

When a law duly enacted is attacked as unconstitutional, the law is presumed to be valid and doubts as to its constitutionality should always be resolved in favor of constitutionality. Brown v. City of Galveston, 97 Texas 1, 9, 75 S. W. 488; Greene v. Robison, 117 Texas 516, 524, 8 S. W. (2d) 655; Cooley's Constitutional Limitations (8th Ed.) Vol. 1, pp. 354-355, 375. This rule has peculiar importance in testing the validity of a state law, for "the legislative department is not made a special agency for the exercise of specifically defined legislative powers, but is intrusted with the general authority to make laws at discretion". Cooley's Constitutional Limitations (8th Ed.) Vol 1, p. 175. This court has said that "except in the particulars wherein it is restrained by the Constitution of the United States, the legislative department may exercise all legislative power which is not forbidden expressly or by implication by the provisions of the Constitution of the State of Texas". Brown v. City of Galveston, 97 Texas 1, 9, 75 S. W. 488. It has been said that it can make no difference whether the doubt, which it is the duty of the court to resolve in favor of the validity of the law, springs from an endeavor to arrive at the true interpretation of the

Constitution or from a consideration of the law after the meaning of the Constitution has been judicially determined. Cooley's Constitutional Limitations, (8th Ed.) Vol. 1, p. 375.

What is in substance the same rule has several times been thus stated: "This Court has repeatedly held that no act of the Legislature will be declared unconstitutional unless some provision of the Constitution can be cited which clearly shows the invalidity of such act". Texas National Guard Armory Board v. McCraw, 132 Texas 613, 624, 126 S. W. (2d) 627; Lytle v. Halff & Bro., 75 Texas 128, 131-132, 12 S. W. 610. And it has frequently been said in our decisions that an act of the legislature must be held valid unless some superior law in express terms or by necessary implication forbade its passage. Smisson v. State, 71 Texas 222, 233, 9 S. W. 112; Lytle v. Halff & Bro., 75 Texas 128, 132, 12 S. W. 610.

An important established rule for construing the Constitution is that all of its provisions affecting the same thing must be construed together and so construed if possible as to give effect to all of them. Jones v. Williams, 121 Texas 94, 111, 45 S. W. (2d) 130, 79 A. L. R. 983; Brown v. City of Galveston, 97 Texas 1, 10, 75 S. W. 488; City of San Antonio v. Topperwein, 104 Texas 43, 45, 133 S. W. 416; Mexia Independent School District v. City of Mexia, 134 Texas 95, 103-104, 133 S. W. (2d) 118, 134 A. L. R. 1277; Cooley's Constitutional Limitations (8th Ed.) Vol. 1, p. 129.

The meaning of the 1929 Act is plain. Its language clearly evidences the intention of the legislature that there shall be no sale of real estate for the collection of delinquent taxes until there has been foreclosure of the lien in a court of competent jurisdiction. If valid, the Act necessarily repealed Articles 7272 to 7283 and other statutes then existing which authorized sales of land for collection of delinquent taxes without foreclosure of the tax lien in court.

Looking first to Section 13 of Article VIII of the Constitution, we find that it does not by its terms specify or provide the method for the sale of land for taxes. The language used is that the first legislature shall make provision for the speedy sale of lands for the collection of taxes. This section of the Constitution is concerned with the enactment by the first legislature of a law for the sale of land for the purpose of collecting taxes due thereon and that the law shall provide for speedy sale. Nothing is said about the manner of making the sale, whether by the

tax collector without suit or by the sheriff after judgment of foreclosure. It follows from the words used and from the application of the rules that have been stated above that the manner of making the sale is left to the discretion of the legislature. This is the construction that was placed on Section 13 of Article VIII by the Court of Civil Appeals in League v. State, 56 S. W. 262, approved and affirmed by this Court, 93 Texas 553, 558, 57 S. W. 34, and affirmed by the Supreme Court of the United States, 184 U. S. 156, 22 Sup. Ct. 475, 46 L. Ed. 478. The opinion of the Court of Civil Appeals in that case contains the following:

*"But the direction to the Legislature to make provision for a speedy sale does not restrict the manner of sale, but rather leaves that to the discretion of the legislature.* The constitution certainly does not, either in terms or by implication, prohibit legislation providing for the foreclosure of liens for taxes in the courts and a sale thereof by judicial decree. The legislature clearly had the power to provide such manner for the collection of taxes. Legislation under the constitution of 1869, providing for summary seizure and sale, was held unconstitutional, because such sales were prohibited. There is no prohibition against judicial sales in the constitution of 1876." (Emphasis added.)

Justice Greenwood's opinion in Brown v. Bonougli, 111 Texas 275, 280, 232 S. W. 490, refers to the opinion of the Court of Civil Appeals in League v. State as "expressly sanctioned by this Court", and quotes a part of the foregoing quotation from that opinion with respect to the power of the legislature to provide the manner for the collection of taxes.

When Section 13 of Article VIII is read together with Section 15 of the same article, it becomes even clearer that the manner of making sale of land for the collection of delinquent taxes is intended to be left to the discretion of the legislature, for Section 15 authorizes the sale of land for the payment of taxes against it "under such regulations as the Legislature may provide." If Section 13 were construed as a mandate to the legislature to provide by law for the collection of delinquent taxes by tax collector's sale without judgment of foreclosure, full effect could not be given to the quoted broad language of Section 15. But if we follow the construction given to Section 13 in the League case, that is that it does not restrict the manner of sale but rather leaves that to the discretion of the legislature, then full effect is given both to Section 13 and to Sec-

tion 15 and the two sections are consistent the one with the other.

League v. State, 56 S. W. (2d) 262, 93 Texas 553, 57 S. W. 34, 184 U. S. 156, 22 Sup. Ct. 475, 46 L. Ed. 478, was a suit brought under the Act of 1895, as amended in 1897, for the collection of delinquent taxes upon land and for foreclosure of the lien. The contention was made, citing Section 13, 15 and other sections of Article VIII, that the Constitution of 1876 prohibited the sale of land for taxes except by a summary sale by the collector, that is, sale without suit and foreclosure of lien. It was in overruling that contention that the Court of Civil Appeals, speaking through Chief Justice Garret, expressed the opinion which has been quoted above that the direction to the legislature in Section 13 to make provision for speedy sale does not restrict the manner of sale, but leaves that to the discretion of the legislature, and that there is no prohibition in the Constitution of 1876 against judicial sales for taxes. The Supreme Court's opinion in the League case, affirming the judgment of the Court of Civil Appeals, contains the following statement: "We deem it unnecessary to enter into a discussion of the various grounds presented in the application for writ of error; they are well disposed of by the opinion of Chief Justice Garrett." 93 Texas 553, 558, 57 S. W. 34. The sixth ground presented in the application for writ of error was that the Court of Civil Appeals erred in holding that the Constitution of 1876 does not, by providing for the collection of delinquent taxes by summary sale by the collector of taxes, preclude legislation for judicial sales for taxes. Thus the Supreme Court in the League case expressly approved the construction given to the Constitution of 1876 by the Court of Civil Appeals in that case and approved the reasons given for that construction.

■ Section 13 of Article VIII of the Constitution, as rewritten by amendment in 1932, is in part as follows: "Provision shall be made by the first Legislature for the speedy sale without the necessity of a suit in Court, of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter for the sale in like manner of all lands and other property upon which the taxes have not been paid; * * *" The important change was the addition of the words "without the necessity of a suit in Court", which did not appear in the section before its amendment in 1932. Mexia Independent School District v. City of Mexia, 134 Texas 95, 133 S. W. (2d) 118, 134 A. L. R. 1277, was a suit for recovery of delinquent taxes and for foreclosure, brought under Chapter 506, Acts Regular Ses-

sion, 45th Legislature, 1937, Vernon's Annotated Civil Statutes Article 7345b. The Act was attacked as unconstitutional on the theory that the provision of Section 13, as amended, for tax sale without the necessity of a suit in court is exclusive and inhibits foreclosure and sale through court. The Court in sustaining the Act as constitutional held that Section 13 must be construed in connection with the provisions of Section 15 of the same article, emphasized particularly that part of section 15 that authorizes sales "under such regulations as the Legislature may provide", and held that the legislature was fully authorized to provide as it did for foreclosure of tax liens through court.

The only qualification placed by Section 13 of Article VIII of the Constitution, before its amendment in 1932, upon the full authority of the legislature to enact laws for the collection of taxes by sale is that provision be made for "speedy sale". Appellants would have these two words "speedy sale" mean a sale without a suit in court, thus construing the original section as if it had contained the words "without the necessity of a suit in court" which were inserted by the 1932 amendment. That construction would do violence to the language of the Constitution. It would read the words "speedy sale" as if they had reference to the manner of making the sale, when in their ordinary meaning they relate to the time or the promptness of the sale whatever may be the manner of its making. A sale of land for taxes may be made in more ways than one. It may be made by the tax collector without suit. It may be made by the sheriff after suit and foreclosure. To adopt appellants' construction it would be necessary to assume that there can be no speedy judicial sale. That we cannot do.

■ The Constitution does not undertake to define "speedy sale". "Speedy" is a relative term. An act, when related to certain acts or circumstances may be speedy and the same act, related to other acts or circumstances, may be slow. It follows, in our opinion, from the language used in Section 13, especially when it is read in connection with the language of Section 15, that the people in adopting the Constitution intended to permit the legislature in the exercise of its sound discretion to prescribe the procedure for the accomplishment of speedy sales for the collection of taxes.

The primary purpose of those parts of the Constitution which require or authorize the sale of land for the collection of taxes is that prompt payment of taxes may be enforced. For the accomplishment of this purpose it is important that the sale when

made be effective. We are reminded of the adage, "More haste, less speed". An effective sale may well be regarded more speedy than an ineffective, hasty sale.

In Brown v. Bonougli, 111 Texas 275, 232 S. W. 490, holding that a judicial sale for taxes was valid, notwithstanding the fact that the sale was for a greater amount than that authorized by law to the extent of an excess in the clerk's fees taxed and included in the order of sale, the court had occasion to compare the effectiveness of judicial sales with the ineffectiveness of summary sales, that is, sales made by the tax collector without judgment of foreclosure. The opinion written by Associate Justice Greenwood points out that "it has been invariably exacted of one asserting title under a summary tax sale to show that every legal requirement pertaining to the sale has been strictly and scrupulously complied with", whereas the validity of a sheriff's sale following judgment of foreclosure in a tax suit is to be determined by the rules governing other judicial sales, so that the sheriff's sale, although it may be voidable for an irregularity even of the gravest character, is not subject to collateral attack. The opinion describes the procedure by which land is summarily sold for taxes as "harsh, peremptory, ex parte and administrative" and says that "it would seem manifest that it was the intent of the Legislature to remedy the evils, which had been inseparable from the futile attempts to collect taxes through summary sales of land, by authorizing their collection through judicial sales". The evils of the method of summary sales are thus described in the opinion:

"First, disregard of the owner's property rights in dispensing with notice and an opportunity to be heard; and, second, inability of the government to compel payment of that to which it was lawfully entitled. The second evil was the natural outgrowth of the first. Taxes could not be collected, save to a small extent, by sales which passed nothing. The nullity of the sales resulted from the practical impossibility of proving punctilious compliance with each and every legal requirement. Yet, in no other manner than by exacting proof of such compliance could the owner's right and title be protected from unjust invasion."

In all probability the evils and the unsatisfactory experience in the use of the method of summary sales, as described in Justice Greenwood's opinion, caused the enactment of the law here under attack, the Act of 1929, which forbade the making of sales of real estate for the collection of taxes due thereon except after foreclosure of the tax lien in court.

■ For the reasons stated and under the decisions and the rules above cited and discussed, it is our opinion that Section 13 of Article VIII of the Constitution, before its amendment in 1932, is not a mandate to the legislature requiring the enactment of a law for the "summary sale" of land for the collection of taxes, that is, a sale made without the foreclosure of the tax lien in court; that Section 13 correctly construed does not prohibit the legislature from providing for the sale of real estate for delinquent taxes solely by judicial sale; that under Sections 13 and 15 of Article VIII the legislature is authorized in its discretion to provide for "summary sale" as the exclusive method or for judicial sale as the exclusive method or for both methods; and that the Act of 1929 is constitutional.

Appellants rely strongly upon City of San Antonio v. Berry, 92 Texas 319, 48 S. W. 496. That was a suit by the city for delinquent taxes and the foreclosure of lien. Among several questions raised and decided was the question whether the judgment should allow the defendant to redeem at any time within two years after the sale. The right of redemption was claimed first under the Act of 1895, but it was held that the Act did not operate upon the suit and that the city had not proceeded under the Act. The defendant seems to have invoked also that part of Section 13 of Article VIII of the Constitution that gave the landowner a right of redemption. The court, in holding that the defendant was not entitled to that right, expressed the opinion that the right of redemption given by Section 13 related only to land which was to be sold under the summary remedy which the legislature was directed by Section 13 to provide. The opinion thus expressed serves as the basis for argument by appellants that the words "speedy sale" in Section 13 mean a sale without foreclosure in court and that the section is a mandate for the enactment of a law for that kind of sale. This ruling or expression of opinion in the Berry case has been repeated or referred to in an opinion by the Commission of Appeals and in several opinions by courts of civil appeals.

For several reasons we do not regard the opinion thus expressed in the Berry case as decisive of the question presented in this case. The very question before us was not decided there. Very brief consideration was given in that opinion to Section 13 and the meaning of the section was not considered in connection with Section 15. Section 15 was ignored. The construction of "speedy sale" as meaning a sale without foreclosure in court, if the opinion gives the words that construction, does violence to the language of Section 13 and to that of Section

15. That construction is directly contrary to the construction given the same section by the later decision in League v. State, 56 S. W. 262, 93 Texas 553, 57 S. W. 34, that the direction to the legislature to make provision for speedy sale does not restrict the manner of sale, but rather leaves that to the discretion of the legislature.

The amendment of Section 13 in 1932 was not selfexecuting. It contemplated and required legislation to provide for "speedy sale without the necessity of a suit in Court". Wiederanders v. State, 64 Texas 133, 142; Adams v. Kelley, 45 S. W. 859; Farmers & Merchants State Bank v. Consolidated School District, 174 Minn. 268, 219 N. W. 163, 65 A. L. R. 1407; 11 Am. Jur. p. 690, sec. 73, p. 694, sec. 76. There has been no such legislation since the amendment was adopted. And since the Act of 1929 repealed all statutes then in effect that provided for sales for the collection of delinquent taxes without suit and foreclosure, there is now no statute authorizing the sale of land for delinquent taxes except after foreclosure of the tax lein in a court.

It may be added that the present Attorney General of Texas and his two immediate predecessors, in carefully considered opinions, have advised county attorneys and school district officials that the Act of 1929 is constitutional and that neither the tax collector nor anyone else has authority to sell real estate for delinquent taxes except after foreclosure of the tax lien in a court.

The judgment of the district court is affirmed.

Opinion delivered November 17, 1948.

No motion for rehearing filed.