The STATE of Texas, Appellant,

v.

H. A. CLEMENTS, Appellee.

No. 7102.

Court of Civil Appeals of Texas.
Texarkana.

Dec. 9, 1958.

Rehearing·Denied Dec. 30, 1958.

Will Wilson, Atty. Gen., C. K. Richards, and Asst. Attys. Gen., Riley Eugene Fletcher, Asst. Attys. Gen., for appellant.

Johnnie B. Rogers, E. Tonnett Byrd, Austin, Fred Erisman, Longview, for appellee.

CHADICK, Chief Justice.

The appellee as plaintiff in the trial court obtained a judgment against the State of Texas as defendant. The judgment of the trial court is reversed and judgment is rendered dismissing the action.

Appellee, H. A. Clements, filed a petition for false arrest in the District Court of Gregg County, Texas, alleging his prior conviction for violating a penal law of the grade of felony, the violation of which he was not guilty, and pleading verbatim his full pardon granted by the Governor of Texas; alleging further that under the judgment of conviction he was sentenced to five years imprisonment and served two years in the State Penitentiary before pardon. Appellee then alleged various elements of damages directly and proximately resulting from his wrongful arrest, indictment, conviction, sentence and imprisonment in the penitentiary aggregating $149,-500.

The State of Texas, appellant here, answered and among its several defenses was a plea in abatement and special exceptions. The State's plea in abatement alleged in substance: (1) That Sec. 51–c, Art. III, Constitution of Texas, Vernon's Ann.St., was not self-executing and that the Legislature had failed to prescribe by valid enactment any regulations or limitations under which aid or compensation might be granted; (2) that until the Legislature had prescribed the regulations and limitations under which such aid and compensation could be applied for and granted, no cause of action existed in favor of appellee; and (3) the resolution of the Legislature authorizing Clements to bring suit is not such a law or statute as would constitute an admission of liability on the part of the State or create a cause of action therefor in favor of the appellee.

Appellee in his brief states his position in this language:

"This suit was simply a cause of action based upon false imprisonment, and suits for damages caused by false imprisonment are as old and as well established as our common law. The most significant thing appellee contends (is that all) the Constitutional Amendment did was remove the immunity in this type of case which heretofore protected the State from suits for damages caused by its agents while performing a governmental function. Once the immunity is removed and permission to sue the State is obtained,

the well established and time honored common law rules of false imprisonment control in all respects. * * * "

In 1956 the Constitution of Texas was amended by adding Section 51–c to Article III, reading as follows:

"The Legislature may grant aid and compensation to any person who has heretofore paid a fine or served a sentence in prison, or who may hereafter pay a fine or serve a sentence in prison, under the laws of this State for an offense for which he or she is not guilty, under such regulations and limitations as the Legislature may deem expedient."

The 55th Legislature passed House Concurrent Resolution No. 113 (Acts 55th Leg. 1957, R.S. p. 1621), granting appellee Clements the right to bring a suit against the State of Texas for such compensation as he might be entitled to by reason of his conviction and serving time in the penitentiary. The resolution does not purport to make an admission of liability nor to find upon any fact necessary to a recovery in court.

■ Resolution of the questions presented by this appeal requires a declaration by the court of the objective and means of its attainment as expressed in the amendment. In making this declaration, the court must be guided by accepted rules of construction. To this end words are given their natural, obvious and ordinary meanings as they are understood by citizens who adopted the amendment. Cramer v. Sheppard, 140 Tex. 271, 167 S.W.2d 147; Markowsky v. Newman, 134 Tex. 440, 136 S.W.2d 808. And the amendment is construed with reference to the remainder of the Constitution of which it is a part. Purcell v. Lindsey, Tex., 314 S.W.2d 283; Collingsworth County v. Allred, 120 Tex.

473, 40 S.W.2d 13. Construction is made in a manner that will carry out the broad general principles of government stated in the Constitution with a view of giving every provision effect. Ex parte Sanders, 147 Tex. 248, 215 S.W.2d 325; Duncan v. Gabler, 147 Tex. 229, 215 S.W.2d 155. See 16 C.J.S. Constitutional Law §§ 19–23, pp. 81–97.

■ The word "may" [1] when first used in the amendment is permissive in meaning and as commonly understood conveys the sense of enablement. As the word is used in the final clause in connection with "deem", it expresses permission characterized by freedom to exercise independent judgment. "Deem" as used in the amendment simply means "decide." The final clause meaning that the power and rights granted are to be the subject of legislative action.

■ The expressed objectives of the amendment are to: (1) Make innocent persons fined or imprisoned for violating the law of Texas a subject of aid and compensation; (2) remove, as to the class of persons named in the amendment, the prohibition of Sec. 51, Art. III against granting funds to an individual; (3) empower enactment of such regulations and limitations the Legislature decides will promote the objective of aid and compensation to the class of persons named. From the section and article of the Constitution amended as well as the language used, no present right to aid and compensation is conferred upon the class of persons named independent of or without reference to the additional power at the same time vested in the Legislature. The right to receive aid and compensation is contingent upon action by the Legislature. Otherwise expressed, the language of the amendment importing a power to act confers that power upon the Legislature and not upon the individuals of the class named. Again, the

---

1. Century Dictionary & Cycyc. says: " * * * the use of 'may' are much involved, the notions of power, ability, opportunity, permission, contingency, etc., passing into each other, and may in many constructions being purposely or inevitably used with more or less indefiniteness."

section and article amended in the clear language of the amendment leave no room for an implication to arise that would violate the fundamental separation of powers of the Executive, Legislative and Judicial Departments of the State government. There is no clear, compelling language or its intendments requiring these basic divisions of government be ignored in the enjoyment of the rights granted and use of the powers conferred. The amendment, so interpreted, harmonizes with the whole body of the Constitution. That is to say, that in the implementation of the amendment the Executive and Judicial Departments will function in their historical constitutional sphere and the Legislative Department will act within its constitutional field.

 The recitation of the objective and the powers conferred and rights created by the amendment make it obvious that the amendment is not self-executing. 16 C.J. S. Constitutional Law § 48, p. 146, in part says:

> "Whether or not a provision is self-executing depends on whether the language is addressed to the courts or to the Legislature,—whether it indicates that it is intended as a present enactment, complete in itself as definitive legislation, or contemplates subsequent legislation to carry it into effect."

It has been held that a provision which merely authorizes action by the Legislature is not self-executing. Givens v. Woodward, Tex.Civ.App., 207 S.W.2d 234; 146 Tex. 396, 208 S.W.2d 363. The application of this principle eliminates any question that a common law cause of action for false imprisonment or action or recovery against the State of Texas upon any basis was made available to appellee Clements by the amendment alone. Aid and compensation, if he is to have it, will have to be determined under such regulations and limitations as the Legislature may hereafter enact. Hancock v. McKinney, 7 Tex. 384, at page 456; Duncan v. Gabler, supra. See also

16 C.J.S. Constitutional Law § 48, p. 145; 11 Amer.Juris. 691; 9 Tex.Jur. 423.

 House Concurrent Resolution 113 does not change this conclusion. It is not a general law enacted by the Legislature; City of San Antonio v. Micklejohn, 89 Tex. 79, 33 S.W. 735; Mosheim v. Rollins, Tex. Civ.App., 79 S.W.2d 672; see also 39 Tex. Jur. p. 12, Sec. 4; and it is inadequate as a regulation or limitation enacted by the Legislature under which aid and compensation may be awarded in a suit against the State.

It becomes the duty of this Court to reverse the trial court judgment and render judgment dismissing appellee's cause of action. It is so ordered.

Reversed and rendered.