

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 25, 1960

Mr. Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. WW-921

Re: Two questions on collection
of taxes under Art. 7297,
R.C.S. 1925.

Dear Mr. Wade:

You ask the opinion of this office on two questions:

1) Whether Art. 7297, R.C.S. 1925, applies to
all delinquent personal property taxes or
only to such taxes on personal property
as are back-assessed under authority of
this article;

2) Whether suit for an amount less than
twenty-five dollars for taxes due on
personal property under this article is
prohibited by this article.

Article 7297 reads as follows:

"The district or county attorney of the
respective counties of this State, by order
of the commissioners court, shall institute
suit in the name of the State for recovery
of all money due the State and county as taxes
due and unpaid on unrendered personal pro-
perty; and in all suits where judgments are
obtained under this law, the person owning
the property on which there are taxes due
the State and county shall be liable for all
costs. The State and county shall be exempt
from liability for any costs growing out of
such action. All suits brought under this
article for the recovery of taxes due on
personal property shall be brought against
the person or persons who owned the pro-
perty at the time such property should have
been listed or assessed for taxation. No
suit shall be brought until after demand
is made by the collector for taxes due, and

no suit shall be brought for an amount less
than twenty-five dollars.  Such suits may
be brought for all taxes so due and unpaid
for which such delinquent tax payer may be
in arrears for and since the year 1886."

In answer to your first question:

We answer that Art. 7297 applies only to taxes due
the State and county as taxes due and unpaid on unrendered
personal property, and which taxes have been back-assessed
as authorized by this article and other articles.  (See
also the opinion of a prior Attorney General, Opinion No.
0-5862, 1944.)

In answer to your second question:

We answer that such a suit is prohibited by this article.

We quote from two decisions of our Texas Supreme Court:

"If, therefore, the law makes the tax a
personal obligation of the taxpayer, it is
fairly within all the authorities that a right
to sue would exist in favor of the state or
municipal corporation entitled by statute to
exact payment of such taxes, unless another
remedy is given, which is exclusive in its
character."  City of Henrietta v. Eustis,
87 Tex. 14, 26 S.W. 619 (1894).  (The Court
held that the law does make the tax a per-
sonal obligation of the taxpayer.)

". . .that under Sections 13 and 15 of
Article VIII the legislature is authorized
in its discretion to provide for 'summary
sale' as the exclusive method or for judicial
sale as the exclusive method or for both
methods; . . ."  Duncan, Tax Collector v.
Gabler, 147 Tex. 229, 215 S.W.2d 155 (1948),
page 162.

Both of these cases involved suits for taxes on land, but
the law as therein interpreted and applied is fully
applicable to your question which involves suit for taxes
on personal property.  See also Mexia Independent School
Dist. v. City of Mexia, 134 Tex. 95, 133 S.W.2d 118, (1939)
at page 123.

In conformity to Sec. 15, Art. 8 of our Texas Constitution, considered in the above cases, the Legislature has provided for summary seizure and sale of personal property for taxes (R.C.S., articles 7266, 7272, 7273, and others). This procedure is available for collection of the personal property taxes due under Article 7297, where the amount of such tax is less than Twenty-five Dollars.

## S U M M A R Y

Under Article 7297, R.C.S., 1925:

1) only state and county taxes on personal property back assessed may be collected;

2) taxes for less than $25.00 may be collected by summary seizure and sale but not by suit.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. E. Allen
Assistant

WEA:jip

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Ben M. Harrison
Phocion S. Park, III
W. O. Shultz, II

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee