

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 3, 1960

Mr. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 14, Texas

Opinion No. WW-833

Re: Whether Section 7-a of
Article VIII of the Texas
Constitution prohibits
the expenditure of high-
way funds for publishing
and distributing a
brochure, advertising Texas,
attracting tourists, en-
couraging and distributing
automobile travel, and giving
information pertaining to
the supervision of traffic
Dear Mr. Greer:                     and safety on our highways.

Your request for an opinion reads as follows:

"In order to implement the provisions of
Section 56 of Article 16 of our Constitution
as it was recently amended, the 56th Legisla-
ture passed Senate Bill 152 (Acts 1959, 56th
Legislature, Regular Session, page 431, Chapter
193) which states in part as follows:

"'Sec. 3(a) For the purpose of dissemi-
nation of information relative to high-
way construction, repair, maintenance,
and upkeep, and for the purpose of ad-
vertising the highways of this state and
attracting traffic thereto, the Depart-
ment is empowered to compile and publish,
for free distribution, such pamphlets,
bulletins, and documents as it will deem
necessary and expedient for informational and
publicity purposes concerning the highways
of the state, and with respect to public
parks, recreational grounds, scenic
places, and other public places and scenic
areas or objects of interest, data as to
distances, historical facts, and other

items or matters of interest and value
to the general public and road users;
. . . The Texas Highway Department is
authorized and empowered to pay . . .
the cost of developing and publishing
various material and the dissemination
thereof . . . from highway revenues.'

"Attached is the layout and a draft of the
text of a brochure which this Department is
planning to publish and distribute under the pro-
visions of the act. The Comptroller has questioned
the constitutionality of the expenditure of high-
way funds for this purpose. Would you please ad-
vise us whether or not sec. 7-a of Article 8 of the
Constitution prohibits the expenditure of highway
funds for publishing and distributing the pro-
posed brochure."

You requested that this opinion be held up pending
your amending and enlarging the brochure. As now consti-
tuted it contains additional information concerning super-
vision of traffic and safety on our highways. It contains
a map of our highway system, a synopsis of traffic laws,
comments on highway signs and safety markers, and exhorta-
tions on safe driving. It vividly depicts in words and
pictures, the diversification of Texas from mountains to
seashore; it is designed to give impetus to tourist travel
and to distribute this traffic more evenly by spreading
same to the myriad places of interest throughout Texas.

The Governor has said of this brochure: "This is
a service essential to the operation and supervision of
traffic and safety on our highways, as contemplated by
Section 7-a, Article 8, of the Texas Constitution."

The publication and distribution of this informative
treatise out of highway funds is in accord with the long time
departmental interpretation of the Highway Department's
authority to spend its funds for maps, tourist information
centers, and replies to more than 200,000 annual inquiries
for highway and traffic information.

It is anticipated that the expense of this brochure
will be refunded to the highway fund many times due to the
great increase in automobile travel and the resultant increase
in gasoline taxes.

Three constitutional and statutory enactments should be construed together in answering your question.

Art. 16, Sec. 56, of our Constitution, adopted in 1958, provides in part as follows:

> "Providing that the Legislature shall be authorized to appropriate money and establish the procedure necessary to expend such money for the purpose of developing information about the historical, natural, agricultural, industrial, educational, marketing and living resources of Texas, and for the purpose of informing persons and corporations of other states through advertising in periodicals having National Circulation and the dissemination of factual information about the advantages and economic resources offered by the State of Texas." (Emphasis added)

It is to be noted the Legislature was not directed to appropriate these funds from any specific source of revenue. To implement this new constitutional provision the 56th Legislature passed S.B. 152 (Acts 1959, Regular Session, page 431, Chapter 193). Sec. 3(a) thereof is quoted on the first page of this opinion. This contains express authority to do the thing inquired about by Mr. Greer - the paying for this brochure out of highway funds - and we quote: "The Texas Highway Department is authorized and empowered to pay . . . the cost of developing and publishing various material and the dissemination thereof . . . from highway revenues."

To hold that the brochure cannot be paid for out of highway funds would require the holding that S. B. 152 is unconstitutional. An act of a state legislature must be held valid unless the State or Federal Constitution by express terms or by necessary implication prohibits its passage. L.C.R.A. vs McGraw, 83 S.W. 2d 629, 125 Tex. 268. If reasonably possible, a statute must receive a construction rendering it valid. Hamrick vs. Simpler, 95 S. W. 2d 357, 127 Tex. 428. We hold that S. B. 152 is constitutional. It is authorized under Art. 16, Sec. 15, and does not contravene any provision of the Constitution, including Art. 8, Sec. 7-a, the applicable portions of which are as follows:

Hon. D. C. Greer, page 4 (WW-833)

"Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic, and safety on such roads." (Emphasis added)

Our highway revenues include large amounts from sources other than those derived from motor vehicle registration fees and taxes from motor fuels and lubricants. To illustrate, for the fiscal year ending August 31, 1959, highway revenues included $1,067,592.90 from permits for oversize and overweight vehicles, $908,754.25 from certificates of title fees, and $32,284.50 from transfer of permits by Railroad Commission on sale of bus and truck lines. Furthermore, Art. 8, Sec.7-a and Art. 16, Sec. 15 should be construed together. Texas Nat. Guard Armory Board vs. McGraw, 126 S. W. 2d 627, 132 Tex. 613; Duncan vs. Gabler, 215 S.W. 2d 155, 147 Tex. 229.

It is the opinion of this office that the use of highway funds to pay for publishing and distribution of the brochure is in accordance with S. B. 152 above referred to and of Art. 16, Sec. 56 of the Constitution, is not prohibited by Art. 8, Sec. 7-a, nor by any other constitutional provision.

SUMMARY

Section 7-a of Art.8 of the Texas Constitution does not prohibit the expenditure of highway funds for publishing and distributing the brochure advertising Texas, attracting tourists,

encouraging and distributing automobile
travel, and giving information pertaining
to the supervision of traffic and safety
on our highways.

Very truly yours

WILL WILSON
Attorney General of Texas

By W. Ray Scruggs
Assistant

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Martin DeStefano
Arthur Sandlin
Virgil Pulliam

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore