

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 17, 1967

Overruled by //-??
_____ _____

Honorable R. H. Cory
Chairman
State Affairs Committee
House of Representatives
Austin, Texas

Opinion No. M-28

Re: Whether H.B. No. 12
of the 60th Legislature
can be made retroactive
and related questions.

Dear Representative Cory:

You have requested an opinion of this office on the following questions concerning H.B. No. 12:

"1) Can the provisions of this bill be made retroactive to the date of the last general election at which a constitutional amendment on this subject was adopted so that payments can be made under the terms thereof to widows and children of officers killed in the line of duty since the date of said general election?

"2) Would an amendment including volunteer firemen under the terms of this bill be constitutional?

"3) Would an amendment including custodial employees of the state institutions in charge of the criminally insane under the terms of this bill be constitutional?"

House Bill No. 12 of the 60th Legislature, Regular Session, is a direct response to the recent addition to the Texas Constitution of Section 51-d, Article III, Constitution of the State of Texas, which was adopted at the last general election. This amendment reads as follows:

- 116 -

"The Legislature shall have the power, by general law, to provide for the payment of assistance by the State of Texas to the surviving spouse and minor children of law enforcement officers, custodial personnel of the Texas Department of Corrections or of full-paid firemen who suffer violent death in the course of the performance of their duties as law enforcement officers, custodial personnel of the Texas Department of Corrections or as full-paid firemen."

In the absence of the above constitutional amendment, any such payment would be a violation of Section 51, Article III of the Constitution of the State of Texas which reads in part:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever; . . . ."

Consequently, since the amendment provides only for full-paid firemen, volunteer firemen do not qualify under Section 51-d and any payment of assistance by the state to surviving spouse and minor children would be unconstitutional.

Similarly, Article 46.02, Vernon's Code of Criminal Procedure, provides for the commitment of any person charged with a criminal offense and found insane at the time of trial to a state mental hospital.

Article 5547-202, Vernon's Civil Statutes, creates the Texas Department of Mental Health and Mental Retardation. Section 2.09 of that act sets out the powers and duties of deputy commissioners. Among these are:

"(b) Subject to the direction and supervision of the Commissioner, the Deputy Commissioner for Mental Health Services has primary responsibility for:

Hon. R. H. Cory, page 3 (M-28)

"(1) administration of the state mental
hospitals."

Since the state institutions in charge of the crimi-
nally insane are the mental hospitals, and the mental hospitals
are under the control and supervision of the Texas Department
of Mental Health and Mental Retardation rather than the Texas
Department of Corrections, any payment to surviving spouse and
minor children of custodial employees of these institutions
would likewise be unconstitutional.

You have asked if the proposed bill which provides
for the payment of assistance by the State of Texas to the sur-
viving spouse of minor children of law enforcement officers,
full-time firemen, and custodial personnel of the Texas Depart-
ment of Corrections, who suffer violent death in the course of
the performance of their official duties as such, may be made
applicable to surviving spouse and minor children of officers
killed in the line of duty since the date of the general election
and before the effective date of the proposed bill.

Section 51-d provides in part:  "The Legislature shall
have the power, by general law, to provide for the payment of
assistance. . . ."  In a similar case, State v. Clements, 319
S.W.2d 450 (Tex.Civ.App. 1958, error ref.), the court construed
Section 51-c, Article III, Constitution of Texas.  That section
reads:

"The Legislature may grant aid and compen-
sation to any person who has heretofore paid a
fine or served a sentence in prison, or who may
hereafter pay a fine or serve a sentence in prison,
under the laws of this State for an offense for
which he or she is not guilty, under such regula-
tions and limitations as the Legislature may deem
expedient."

The court stated that words in a constitutional amend-
ment must be "given their natural, obvious, and ordinary mean-
ings as they are understood by citizens who adopted the amend-
ment."  After analyzing Section 51-c, the court held:

- 118 -

". . . From the section and article of the Constitution amended as well as the language used, no present right to aid and compensation is conferred upon the class of persons named independent of or without reference to the additional power at the same time vested in the Legislature. The right to receive aid and compensation is contingent upon action by the Legislature. . . .

"The recitation of the objective and the powers conferred and rights created by the amendment make it obvious that the amendment is not self-executing. . . ."

Consequently, it is the opinion of this office that Section 51-d, Article III, Texas Constitution, is not self-executing. Therefore, no right to receive payment was conferred by it upon the individuals of the class named and whatever payments are to be made are dependent upon legislation enacted pursuant to Section 51-d.

House Bill 12 may not be made retroactive to include persons in the class named between the passage of Section 51-d, Article III, Texas Constitution, and the effective date of House Bill 12. Section 16, Article III, Texas Constitution, provides:

"No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

The court in Turbeville v. Gowdy, 272 S.W. 559 (Tex. Civ.App. 1925, no writ hist.) defined a retroactive law as follows:

"A retroactive law, in the sense of the constitution, and in so far as is here applicable, which prohibits such acts, is one made that affects acts or rights accruing before it came into force. A statute is retroactive which takes away or impairs vested rights acquired under existing laws, or creates a new

> obligation, imposes a new duty, or adopts a
> new disability in respect to transactions or
> considerations already passed." (Emphasis
> added.)

In Slate v. City of Ft. Worth, 193 S.W. 1143 (Tex. Civ.App. 1917, no writ hist.), the court in considering a statute which provided for a recovery for wrongful death against a municipal corporation held:

> "The cause of action which now exists
> against a municipal corporation by virtue of
> amended article 4694 arises exclusively by
> virtue of this statute. A right of action to
> recover damages on account of injuries causing
> death did not exist under the common law.

> "If it should be held that amended arti-
> cle 4694 gives to plaintiffs the right to re-
> cover damages on account of the injuries in-
> flicted previous to the amendment, such hold-
> ing would clearly impose a new obligation upon
> defendant and attach a new liability in respect
> to a past transaction. To such extent the
> statute would be retroactive and invalid. Sec-
> tion 16, art. 1, Constitution of Texas. But
> it is insisted that the statute is remedial,
> and as such may be retroactive without con-
> flicting with the constitutional provision.
> In this connection our views are most aptly
> expressed in Hamilton County v. Rosche, 50
> Ohio St. 103, 33 N.E. 408, 19 L.R.A. 584, 40
> Am. St. Rep. 653, where this language is used:

> "'This statute, it is contended, is re-
> medial, and remedial statutes may be retro-
> active. It is remedial, no doubt, in that
> enlarged sense of that term, where it is
> employed to designate laws made to supply
> defects in, or pare away hardships of, the
> common law, but not remedial in the sense

of providing a more appropriate remedy than the law before afforded, to enforce an existing right or obligation. The statute under consideration provided no new method of procedure; it simply imposed upon Hamilton county an obligation towards these plaintiffs in error that did not attach to the transaction when it occurred. In attempting to accomplish this result the Legislature transcended its constitutional powers.'"

Consequently, it is the opinion of this office that if House Bill No. 12 is made retroactive to the date Section 51-d, Article III, Texas Constitution, was passed, it will be unconstitutional as a retroactive law. Section 16 of Article I, Texas Constitution. Furthermore, since Section 51-d was not self-executing and no right to payment exists at the present time, any attempt to make House Bill 12 retroactive to the time Section 51-d was passed, would also be unconstitutional as a violation of Section 51, Article III, Texas Constitution.

## S U M M A R Y

House Bill No. 12, of the 60th Legislature, may not include volunteer firemen or custodial employees of the state institutions in charge of the criminally insane, since individuals in these classes are not included in Section 51-d, Article III, Texas Constitution.

House Bill No. 12 may not be made retroactive to the date Section 51-d, Article III, Texas Constitution, was passed. Since the amendment is not self-executing, any attempt by the Legislature to make House Bill No. 12 retroactive would be unconstitutional as a violation of Section 16, Article I, and Section 51, Article III, Texas Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

- 12 -

Prepared by Wade Anderson
Assistant Attorney General
WA:sck:ra

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Malcolm Quick
Dyer Moore
John Reeves
Alan Minter

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.