Bill BERKA, Appellant,

v.

CITY OF LEWISVILLE, Appellee.

No. 2–90–321–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 31, 1991.

Rehearing Overruled Dec. 3, 1991.

Eric Samuelson, Austin, for appellant.

Ronald J. Neiman, Neiman & Barnes, Lewisville, for appellee.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

WEAVER, Chief Justice.

Appellant, Bill Berka, appeals from a summary judgment in favor of appellee, the City of Lewisville (the "City"). The summary judgment denied a request for a writ of mandamus to compel the City to call an election for the purpose of amending the City Charter. We affirm.

The facts in this case are undisputed. The City Charter was amended by an election on May 6, 1989. On May 4, 1990, a petition was submitted to the City calling for an election to further amend the City Charter. This petition contained the required number of signatures. On May 21, 1990, the City invalidated the petition on the basis that TEX. CONST. art. XI, § 5 prohibited the calling of an election on charter amendments more often than once every two years.

The identity of the parties before us on this appeal is not made clear from the record and the briefs. Both briefs indicate the appellant as being Bill Berka and the appellees as being the City and the named Mayor, Mayor Pro Tem, and four council members. The original petition seeking a writ of mandamus was brought by William Berka and John Doe # 1, et al, on behalf of the signers of the petition at issue. Only the City of Lewisville was named as the respondent. The motion for summary judgment was filed only in the name of the City. The summary judgment ordered "that WILLIAM BERKA, et al, Relators' request for a writ of mandamus compelling the CITY OF LEWISVILLE, TEXAS, et al, Respondent, to call an election be and the same is hereby denied." The notice of

appeal was given by "Bill Berka, for himself and on behalf of the signers of the petition at issue." The appeal bond names the appellant as "William Berka, John Doe #1 on behalf of signers of Charter Amendment Petition, Et Al" and the beneficiary and appellee as "City of Lewisville; the Honorable Donny Daniel, Mayor, Et Al." The only brief which we have received in opposition to the summary judgment was filed by Bill Berka, and he is treated herein as being the only appellant. Likewise, the City is treated as being the only appellee.

Appellant brings two points of error, both bearing on the narrow issue of whether the plain language that "no city charter shall be altered, amended or repealed oftener than every two years," as contained in TEX. CONST. art. XI, § 5, controls in this situation, or whether the provisions of the Bill of Rights contained in TEX. CONST. art. 1, §§ 1, 2, and 27 would allow the calling of an election upon a properly submitted petition at any time notwithstanding the limiting provisions of TEX. CONST. art. XI, § 5.

TEX. LOC. GOV'T CODE ANN. § 9.004(b) (Vernon 1988) provides that an election to amend the City Charter pursuant to a petition be held on the first authorized uniform election date prescribed by the Election Code, which date in this case would have been November 1990, and well within the two year period following the last charter amendment. Appellant contends that the two year limitation set forth in TEX. CONST. art. XI, § 5 is not applicable in this case because the petition provided that the charter amendment which it sought would not become effective until May 7, 1991. We disagree, and we hold that the plain language of TEX. CONST. art. XI, § 5 prohibited the holding of an election to amend the City Charter within a two year period after May 6, 1989. Neither party cites us any case law bearing on this issue. However, our holding is supported by two Attorney General Opinions. In Op.Tex.Att'y Gen. No. 0-7211 (1946), Attorney General Grover Sellers opined that since amendments to the City Charter of Vernon were adopted in 1945, the City was prevented from holding another election to amend its charter for a period of two years. In Op.Tex.Att'y Gen.

No. JM-466 (1986), Attorney General Jim Mattox opined that TEX. CONST. art. XI, § 5 bars a home rule city from holding an election to amend its city charter oftener than every two calendar years.

We also reject appellant's contention that there is a conflict between the provisions of TEX. CONST. art. I, §§ 1, 2, and 27 and the language of TEX. CONST. art. XI, § 5, which prohibits the amending of a City Charter more often than every two years. In construing provisions of the Texas Constitution affecting the same thing, we must construe all such provisions together, and, if possible, give effect to all of them. *Duncan v. Gabler*, 147 Tex. 229, 215 S.W.2d 155, 159 (1948). Thus, we refuse to apply the construction as urged by appellant which would nullify the specific limiting provisions of TEX. CONST. art. XI, § 5. We do not construe TEX. CONST. art. I, §§ 1, 2, and 27, relied upon by appellant, as expressing a particular intention which is incompatible with the general intention expressed in TEX. CONST. art. XI, § 5. Should TEX. CONST. art. I, §§ 1, 2, and 27 be so construed, we nevertheless hold that the particular and specific intention expressed in TEX. CONST. art. XI, § 5 would control. *See County of Harris v. Shepperd*, 291 S.W.2d 721, 726 (Tex.1956).

We overrule both of appellant's points of error and affirm the judgment of the trial court.